**Marion S. RICE, Plaintiff, Appellant,**

**v.**

**NEW ENGLAND COLLEGE,**
**Defendant, Appellee.**

**No. 81–1553.**

United States Court of Appeals,
First Circuit.

Argued March 2, 1982.

Decided April 15, 1982.

Rehearing Denied May 3, 1982.

Wallace W. Sherwood, Boston, Mass., for plaintiff, appellant.

Andrew D. Dunn, Manchester, N. H., with whom Devine, Millimet, Stahl & Branch Professional Association, Manchester, N. H., was on brief, for defendant, appellee.

Before COFFIN, Chief Judge, ALDRICH and BREYER, Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

Plaintiff appeals from a decision of the district court dismissing her complaint, basically as a grant of summary judgment, denying relief for an allegedly sexually discriminatory discharge from defendant's employ. The first question relates to defendant's claim that plaintiff failed to file her complaint within the 90 day period following receipt of the EEOC's right-to-sue notification specified in 42 U.S.C. § 2000e–5(f)(1).

"[T]he Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge."

The complaint was mailed from Boston to the New Hampshire District Court on Monday, November 10, 1980. November 11, Veterans Day, was a holiday. The complaint was received on November 13. This was 91 days after August 14, the date the return postcard attached to the EEOC's notification was postmarked ("bullseyed"). The presumption of regularity, e.g., that the post office did not backdate its bullseye, is strong. Plaintiff having produced no evidence to the contrary, it must be found that notification was received no later than August 14.

■ From the standpoint of the district court's view of the law, this was the end of this aspect of the matter, as the court read the 90 day requirement as jurisdictional and absolute, citing *Wong v. The Bon Marche, Inc.*, 9 Cir., 1975, 508 F.2d 1249. The Court, however, has now, in *Zipes v. Trans World Airlines, Inc.*, 1982, —— U.S. ——, 102 S.Ct. 1127, 71 L.Ed.2d 234 held that the clause in the preceding section, 42 U.S.C. § 2000e–5(e), to the effect that the original charge

to the agency "shall be filed within one hundred and eighty days" is a mere period of limitation, viz., something that could be waived, or extendable for equitable considerations. While we see a possibly stronger argument for regarding a time period contained in a clause establishing a cause of action as jurisdictional, and hence for distinguishing *Zipes*, the tenor of the opinion—especially its citation of *Mohasco Corp. v. Silver*, 1980, 447 U.S. 807, 811 n.9, 100 S.Ct. 2486, 2489 n.9, 65 L.Ed.2d 532—precludes drawing this distinction. We, accordingly, conclude that section 2000e–5(f)(1) is nonjurisdictional, and turn to consider, since the matter has been argued, what the district court did not reach, the question whether there was any waiver, estoppel, or equitable ground for tolling the statute.

■ With respect to waiver plaintiff points out that the motion to dismiss was not filed until after the answer. This might well be a valid argument if the answer had neglected to assert the statute. However, the answer asserted the defense. While it basically claimed that the 90 day filing was jurisdictional, and had not been complied with, paragraph 9 plainly stated, "Plaintiff has not filed this action . . . within (90) days of the receipt of such notice." To say, when it develops that the 90 days is a statute of limitations rather than jurisdictional, that it has not been pleaded, would be more of a technicality than was disapproved in *Foman v. Davis*, 1961, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222. *See* F.R. Civ.P. 8(f).

We turn to the asserted equitable considerations. Although plaintiff claims "various equitable reasons," they add up to saying that to assert the statutory period is "unfair," that "there is no dispute the Complaint was mailed in a timely fashion from Boston to New Hampshire," and that defendant has not been prejudiced.

■ With regard to the mailing, there was no such concession. Veterans Day being a national holiday, it could not be expected to count for moving of the mails. In effect, the Boston mailer, who mailed on

November 10 and needed receipt on November 12, expected overnight delivery in New Hampshire. It is hardly inequitable to regard this as unrealistic. In the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day. *Goodman v. City Products Corp.*, 6 Cir., 1970, 425 F.2d 702. That defendant was not prejudiced by the delay is immaterial. *See Spound v. Mohasco Industries, Inc.*, 1976, 534 F.2d 404, 411, *cert. denied*, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167.

■ Finally, plaintiff appeals the dismissal of her claim for relief under 42 U.S.C. § 1985(3), alleging that employees of the defendant, a private college, conspired to deprive her of equal protection of the laws, or of equal privileges and immunities under the law. Section 1985(3) is remedial only; it requires proof of a conspiracy to violate independent rights. *Great American Federal Savings & Loan Ass'n v. Novotny*, 1979, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957. The only statutory rights plaintiff relies upon are those granted by Title VII. But Title VII rights cannot form the basis for a section 1985(3) action. *Novotny*, ante. As for a conspiracy to violate constitutional rights, the fourteenth amendment is inapplicable for want of state action, and the thirteenth amendment, which reaches private action, does not prohibit sex discrimination. The court properly dismissed the complaint. *See Abbott v. Moore Business Forms, Inc.*, D.N.H., 1977, 439 F.Supp. 643, 649–50. Plaintiff's assertion in this court that her right to travel may have been violated is a frivolous afterthought.

*Affirmed.*