## George BLACK

v.

## BROWN UNIVERSITY.

### Civ. A. No. 82–0702S.

United States District Court, D. Rhode Island.

Jan. 27, 1983.

Oleg Nikolyszyn, William A. Dimitri, Jr., Providence, R.I., for plaintiff.

Tillinghast, Collins & Graham by Christopher H. Little, Providence, R.I., for defendant.

## OPINION AND ORDER

SELYA, District Judge.

Plaintiff, a black male employee of Brown University, alleges, on behalf of himself and others similarly situated, that the University violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), by initiating and perpetuating racially discriminatory policies, practices, customs and usages with respect to the terms, conditions and privileges of employment. Plaintiff's suit also alleges that the defendant violated 42 U.S.C. § 1981 ("§ 1981") by engaging in a continuous course of racial harassment and racially-based disciplinary practices. While the suit is clothed in the trappings of a class action, no class has yet been certified. The defendant answered and denied the plaintiff's material allegations. The defendant subsequently filed the instant motion to dismiss the plaintiff's Title VII claim for lack of subject matter jurisdiction. The plaintiff objected, briefs were filed, and oral arguments ensued on December 22, 1982. At that juncture, leave was granted to the parties to file supplementary briefs. The defendant alone elected so to do, and the allotted time has now expired.

Before addressing the merits of the pending motion, it appears desirable to set forth the detailed procedures by which an aggrieved employee can seek redress in this forum for an ostensible violation of Title VII. Under Title VII, an individual alleging unlawful employment discrimination must first exhaust administrative remedies. This requires the complainant to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC may either investigate the matter or refer the charge for perscrutation to the appropriate state agency.[1] *See* 42 U.S.C. § 2000e–5(c). The state agency must thereafter be accorded sixty days within which to process the claim. *Id.* Under EEOC regulations, the state agency's actions and findings will be adopted by the EEOC unless (i) review is requested within fifteen days next following the conclusion of state action, 29 C.F.R. § 1601.76, or (ii) the state agency's action was in the

---

1. The EEOC has certified the Rhode Island Human Rights Commission ("RIHRC") to investigate charges of employment discrimination. 29 C.F.R. § 1601.74. Referral of the charge to the state agency effectuates Congressional intent to permit the state to attempt internally to resolve the dispute. *Love v. Pullman,* 404 U.S. 522, 526, 92 S.Ct. 616, 618, 30 L.Ed.2d 679 (1972); *Shehadeh v. Chesapeake & Potomac Telephone Co.,* 595 F.2d 711, 717 n. 20 (D.C.Cir. 1978).

nature of a failed conciliation attempt. 29 C.F.R. § 1601.77. If the dispute is not adjusted within two hundred forty days of the initial filing with EEOC[2] and the EEOC has not instituted litigation, the complainant may request a letter from the EEOC permitting the institution of suit in federal court (the "right-to-sue letter"). *Bradshaw v. Zoological Society of San Diego,* 569 F.2d 1066, 1067 (9th Cir.1978); *Page v. U.S. Industries, Inc.,* 556 F.2d 346, 351 (5th Cir. 1977), *cert. denied,* 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978); *Currington v. Polaroid Corp.,* 457 F.Supp. 922, 923 (D.Mass.1978); 42 U.S.C. § 2000e–5(f); 29 C.F.R. § 1601.28. After receiving the right-to-sue letter, the complainant has ninety days within which to file a federal action. 42 U.S.C. § 2000e–5(f).

In the case at bar, the plaintiff has complied with most of these requirements: he filed his complaint with the EEOC, a referral to RIHRC was undertaken, the requisite sixty day period elapsed, and the plaintiff now awaits EEOC review of the failed conciliation endeavor. In addition, the plaintiff, pursuant to R.I.G.L. § 28–5–24.1, obtained on July 30, 1982 a right-to-sue letter from RIHRC permitting the plaintiff to pursue a judicial remedy in Superior Court for the State of Rhode Island. Thereafter, within the ninety day statutory period delimited under 42 U.S.C. § 2000e–5(f)(1), the plaintiff commenced the instant action.[3] He did not, however, request or obtain a right-to-sue letter from the EEOC.

The defendant asserts that this Court lacks jurisdiction over the subject matter,

contending that the EEOC right-to-sue letter is a jurisdictional prerequisite under the holdings in *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974) and *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973). The plaintiff confronts this premise by confession and avoidance: he argues that the right-to-sue letter issued by RIHRC is a sufficient surrogate for an EEOC right-to-sue letter. Relying on the EEOC's policy that it will adopt state agency actions as final unless review is requested, 29 C.F.R. § 1601.76, the plaintiff contends that the EEOC has, *sub silentio,* adopted the RIHRC letter as its own, thus obviating any need to procure a right-to-sue letter from the EEOC.

The Court believes that the fusillades launched by the parties fall wide of the mark, and do not zero in upon the issues which are fairly raised by the pleadings. It thus falls to the Court independently to collocate the factual pieces in order to pass upon the pending motion.

In *McDonnell Douglas Corp. v. Green,* and *Alexander v. Gardner-Denver Corp.,* both *supra,* the Supreme Court did indeed refer to certain of the filing requirements and time limitations contained in 42 U.S.C. § 2000e–5 as "jurisdictional". *See, e.g., McDonnell Douglas Corp. v. Green,* 411 U.S. at 798, 93 S.Ct. at 1822. Any ambiguity arising from the use of that terminology was put to rest, however, in *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct.

---

**2.** The period contracts to 180 days if no referral is made to a state agency. 42 U.S.C. § 2000e–5(f)(1).

**3.** 42 U.S.C. § 2000e–5(f)(1) in pertinent part provides:

If a charge filed with the Commission pursuant to subsection (b) of this section, is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political sub-

division, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice. . . .

1127, 71 L.Ed.2d 234 (1982). There, a labor union objected to settlement of a class action discrimination suit. The union protested that the district court lacked subject matter jurisdiction because members of a subclass had not filed charges with the EEOC within the period prescribed by 42 U.S.C. § 2000e–5(e).[4] The Supreme Court noted (i) that 42 U.S.C. § 2000e–5(f)(3),[5] which confers jurisdiction on federal courts over Title VII claims, does not limit jurisdiction to those cases in which a timely filing has been made, *id.* at 393–94, 102 S.Ct. at 1132–33, and (ii) that the timely filing requirement is not couched in jurisdictional terms.[6] *Id.* at 394, 102 S.Ct. at 1133. The Court then considered the legislative history of 42 U.S.C. § 2000e–5(e). This perlustration indicated that Congress intended the timely filing requirement to operate as a statute of limitations and not as a jurisdictional bar. *Id.* at 394–95, 102 S.Ct. at 1133. The Court found such a conclusion to be consistent both with prior case law,[7] and with Title VII's remedial purposes. *Id.* at 396–98, 102 S.Ct. at 1134–35. This, then, is the law which must govern the case at bar.

The First Circuit has recently had occasion to apply and to elaborate upon the Zipes rationale in *Rice v. New England College,* 676 F.2d 9 (1st Cir.1982). *Rice* centered upon the requirement to file an action within ninety days of receipt of an EEOC right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1), quoted at n. 3, *ante.* There, the Court of Appeals rejected out of hand the argument that the logic of *Zipes* should not be extended to the ninety day requirement for commencing suit. *Id.* at 10. The Court proceeded to hold that 42 U.S.C. § 2000e–5(f)(1) is nonjurisdictional and, as a mere statute of repose, is subject to equitable modification. *Id.*

The First Circuit's holding is applicable to the issue at bar. The right-to-sue letter requirement of 42 U.S.C. § 2000e–5(f)(1) is contained in the same clause and sentence as the requirement discussed in *Rice.* Plaintiff's argument that the procurement of a right-to-sue letter is jurisdictional would, if sustained, require this Court either to ignore *Rice* or to hold that one part of a phrase should for some mystical reason be treated differently than another part of the same phrase. Such a tortured reading of the teachings of *Rice* and of the plain language of the statute cannot be countenanced.

**4.** 42 U.S.C. § 2000e–5(e) provides in totality as follows:

A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

**5.** 42 U.S.C. 2000e–5(f)(3) provides in pertinent part:

(3) Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. . . .

**6.** Although not expressly stated by the Court, it must have concluded that had Congress wished to speak in jurisdictional terms, it could have done so explicitly or by cross-reference. *Compare* 17 U.S.C. §§ 501(b), 411, and 205(d) of the Copyright Act of 1976 which impose certain requirements as jurisdictional prerequisites to the commencement of copyright infringement actions. *See Co-Opportunities, Inc. v. National Broadcasting Corp.,* 510 F.Supp. 43, 48 (N.D. Cal.1981).

**7.** *See, e.g., Mohasco Corp. v. Silver,* 447 U.S. 807, 811 n. 9, 816 n. 19, 100 S.Ct. 2486, 2489 n. 9, 2492 n. 19, 65 L.Ed.2d 532 (1980); *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 414 n. 8, 95 S.Ct. 2362, 2370 n. 8, 45 L.Ed.2d 280 (1975).

■ In holding that the issuance of a right-to-sue letter is only a condition precedent to suit and not a jurisdictional prerequisite, this Court draws further sustenance from the holding in *Pinkard v. Pullman-Standard,* 678 F.2d 1211 (5th Cir.1982). There, the Fifth Circuit noted that Title VII's jurisdictional grant is not restricted to those instances in which a right-to-sue letter is issued and concluded that the letter is but a condition precedent (and therefore, subject to waiver, estoppel, equitable tolling and the like). *Id.* at 1218. The *Pinkard* court expressly found that such an analysis does not contravene any discernible legislative history. *Id.* at 1217.

The principal purpose of Title VII is remedial in nature. *Love v. Pullman,* 404 U.S. 522, 526–27, 92 S.Ct. 616, 618–19, 30 L.Ed.2d 679 (1972). 42 U.S.C. § 2000e–5 is intended to permit administrative disposition of complaints, thereby avoiding unnecessary litigation. *See New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 63–65, 100 S.Ct. 2024, 2030–2031, 64 L.Ed.2d 723 (1980); *Love v. Pullman,* 404 U.S. at 526, 92 S.Ct. at 618; *Curran v. Portland Superintending School Committee,* 435 F.Supp. 1063, 1073–74 (D.Me.1977). A right-to-sue letter is nothing more than the EEOC's formal pronouncement that it is unable to resolve a dispute at an administrative level. *See Perdue v. Roy Stone Transfer Corp.,* 690 F.2d 1091, 1093 (4th Cir.1982); *Pinkard v. Pullman-Standard,* 678 F.2d at 1218. The construction of the right-to-sue letter requirement endorsed by this Court would serve a salutary purpose in protecting authentic Title VII complaints from dismissal by reason of arcane procedural technicalities, *cf. Waiters v. Robert Bosch Corp.,* 683 F.2d 89, 92 (4th Cir.1982), and would take into account the remedial nature and thrust of Title VII by appropriately elevating substance over ritualistic formality.

The Court holds, therefore, that the right-to-sue letter is but a condition precedent to the commencement of suit, subject to equitable modification under appropriate circumstances. We next turn, perforce, to an examination of whether or not equity requires special consideration in the case at bar.[8]

■ As noted above, the plaintiff has complied with all the procedural requirements of 42 U.S.C. § 2000e–5(f) save one— the securing of the elusive right-to-sue letter. The plaintiff apparently grew impatient with the EEOC's efforts, and filed suit in this Court without benefit of the letter. To this extent, the plaintiff jumped the gun. Under this Court's construction of 42 U.S.C. § 2000e–5(f)(1), therefore, plaintiff's suit is subject to dismissal unless there are circumstances which justify this Court in invoking its equitable powers to waive this condition precedent. Equitable modification in this context can be premised on conduct attributable either to the defendant or to the EEOC. Nothing in the record suggests that Brown University has obstructed or prevented the plaintiff from applying for or from obtaining the right-to-sue letter. *Cf. Leake v. University of Cincinnati,* 605 F.2d 255, 258–59 (6th Cir.1979). Thus, unless the EEOC has fostered the circumstances necessary for equitable modification of the condition precedent, this Court should dismiss the complaint.

A number of courts have concluded that grounds exist for equitable intervention if the complainant was misled by the EEOC.[9]

---

**8.** This Court rejects plaintiff's assertion that the right-to-sue letter from the RIHRC is equivalent to the EEOC right-to-sue letter. The plain language of 42 U.S.C. § 2000e–5(f)(1) requires, as a condition precedent to litigating in federal court, a right to sue letter issued by the EEOC. *Foreman v. General Motors Corp.,* 473 F.Supp. 166, 177 (E.D.Mich.1979); *see Perdue v. Roy Stone Transfer Corp.,* 690 F.2d 1091, 1093 (4th Cir.1982).

**9.** For example, the EEOC failure to process properly a complaint and advise the employer of the filing of charges constitutes sufficient misconduct for a court to equitably toll the statute of limitations. *Waiters v. Robert Bosch Corp.,* 683 F.2d 89, 92 (4th Cir.1982). Other courts have held that the EEOC's failure to refer charges to the appropriate state agency in violation of EEOC regulations provides the court with an adequate basis for equitably modifying Title VII's conditions precedent. *Roberts v. Arizona Board of Regents,* 661 F.2d

*Waiters v. Robert Bosch Corp.,* 683 F.2d 89, 92 (4th Cir.1982); *Roberts v. Arizona Board of Regents,* 661 F.2d 796, 800 (9th Cir.1981); *White v. Dallas Independent School Board,* 581 F.2d 556, 562 (5th Cir.1978) (en banc); *Toombs v. Greer-Smyrna, Inc.,* 529 F.Supp. 497, 501 (M.D.Tenn.1982); *see Movement for Opportunity and Equality v. General Motors Corp.,* 622 F.2d 1235, 1241 (7th Cir. 1980); *cf. Larson v. American Wheel and Brake, Inc.,* 610 F.2d 506, 511 (8th Cir.1979).

The notice sent by the EEOC to the plaintiff informed him that his complaint was referred to the RIHRC. It also stated that the EEOC would adopt the findings of the state agency unless a party requested review of the state agency action. *See also* 29 C.F.R. § 1601.76. The plaintiff was given no reason to suspect that the EEOC's statement did not apply to a state agency right-to-sue letter. The notice neither informed the plaintiff that the EEOC would undertake a review of unsuccessful conciliations nor stated expressly or by fair implication, that a state agency right-to-sue letter would not be adopted by the EEOC.[10] Under these circumstances, it is neither difficult nor arbitrary to conclude that the plaintiff was lulled into the sanguine belief

that he did not have to obtain a separate right-to-sue letter from the EEOC.

In the present posture of the record, since more than two hundred forty days have elapsed from and after the initial filing of the charge with the EEOC, plaintiff is entitled without more to receive his right-to-sue letter. *See Perdue v. Roy Stone Transfer Corp.,* 690 F.2d 1091, 1093 (4th Cir.1982). To permit the defendant to profit at the expense of the plaintiff due to arguably misleading information supplied by the EEOC would defeat the palliative objectives of the Act. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. at 397–98, 102 S.Ct. at 1134–35; *Waiters v. Robert Bosch Corp.,* 683 F.2d at 92. If the plaintiff forthwith requests and receives a right-to-sue letter from the EEOC, this Court will accept the same *nunc pro tunc,* and will hold that the condition precedent has been met for purposes of this action. *Accord Pinkard v. Pullman-Standard,* 678 F.2d at 1218–19. If such letter is requested and not received, the Court will then, upon proper application, review the action in light of the EEOC's response (or lack thereof).[11]

This is, however, not fully dispositive of the matters before the Court. While not

796, 800 (9th Cir.1981); *White v. Dallas Indep. School Dist.,* 581 F.2d 556, 562 (5th Cir.1978) (en banc); *Toombs v. Greer-Smyrna, Inc.,* 529 F.Supp. 497, 501 (M.D.Tenn.1982). Conditions for equitable modification also exist when the EEOC's right-to-sue letter does not unambiguously state that the plaintiff has a right to commence an action in federal court. *Whitehead v. Reliance Insurance Co.,* 632 F.2d 452, 459 (5th Cir.1980); *Zambuto v. American Telephone & Telegraph Co.,* 544 F.2d 1333, 1335 (5th Cir.1977); *see Fox v. Eaton Corp.,* 689 F.2d 91, 93 (6th Cir.1982); *Larson v. American Wheel and Brake, Inc.,* 610 F.2d 506, 511 (8th Cir.1979).

10. The EEOC letter informing the plaintiff of the referral to RIHRC stated as follows:

You are encouraged to cooperate with the agency named above. If the final findings and orders of the agency are satisfactory to the Commission, *they may be adopted by the Commission with no further action taken by the Commission.* If the Commission does investigate your charge, all facts and evidence provided to the agency will be considered. Failure to cooperate with the 706

agency may be grounds for dismissal of your charge by the Commission. . . .

Exhibit A attached to plaintiff's memorandum objecting to motion to dismiss. (emphasis added).

Along with the letter, the EEOC forwarded to the plaintiff a notice of right to request review which states:

In accordance with the Commission's Procedural Regulations, *the Commission will accept the FEPA's [the state agency] final finding or resolution of the charge and adopt it as its own unless a party to the charge requests the EEOC to conduct a review of the FEPA's final action. . . .*

Exhibit B attached to plaintiff's memorandum in opposition to motion to dismiss. (emphasis added).

11. The federal courts are responsible for the enforcement of Title VII rights. *Alexander v. Gardner-Denver Co.,* 415 U.S. at 56, 94 S.Ct. at 1023. There is both power and authority inherent in the courts to cut through any administrative morass which threatens to engulf legitimate claims. *See Perdue v. Roy Stone Transfer Corp.,* 690 F.2d at 1093 at n. 5.

raised by the parties, there is a further deficiency apparent in the complaint which must be addressed. This relates to the failure of the complaint, in its present form, to state a claim. Where, as here, the sufficiency of the complaint is put in issue by a motion pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, it cannot be gainsaid that the Court may examine the pleading for defects other than those relied on by the movant, and may act in light thereof. *Literature Inc. v. Quinn,* 482 F.2d 372, 374 (1st Cir.1973); *Diaz v. Stathis,* 440 F.Supp. 634, 637 (D.Mass.1977), *aff'd,* 576 F.2d 9 (1st Cir.1978).

It is well-settled in this circuit that, while a plaintiff need not plead evidentiary detail, he must, in a Title VII action, state in his complaint facts which, if proven, would entitle him to relief. *Sandler v. Eastern Airlines, Inc.,* 649 F.2d 19, 20 (1st Cir.1981); *Fisher v. Flynn,* 598 F.2d 663, 665 (1st Cir.1979). The rule is no different in respect to the § 1981 claims relied on by the plaintiff. *See O'Shea v. Littleton,* 414 U.S. 488, 497, 94 S.Ct. 669, 676, 38 L.Ed.2d 674 (1974). The instant complaint is little more than a litany of unsupported conclusions and wholly subjective characterizations; without a minimally sufficient factual predicate, it cannot stand.

Consonant with the foregoing, it is hereby ORDERED:

1. That the complaint be, and the same hereby is, dismissed, without prejudice, however, to the right of the plaintiff to file, within sixty days from the date hereof, an amended complaint which properly pleads, *inter alia,* (i) the issuance of the federal right-to-sue letter mentioned above (or in lieu thereof, circumstances adequate to excuse the issuance thereof within the aforesaid period), and (ii) facts sufficient to state a claim upon which relief can be granted, either under Title VII or under § 1981, or both.