**Feleicia Malcolm DAVIS, Plaintiff,
Appellant,**

v.

**SEARS, ROEBUCK AND COMPANY,
Defendant, Appellee.**

**No. 82–1629.**

United States Court of Appeals,
First Circuit.

Submitted Jan. 7, 1983.

Decided June 3, 1983.

Arthur D. Serota, Howard S. Sasson, and Serota & Katz, Springfield, Mass., on brief, for plaintiff, appellant.

Carl K. King, Peter S. Brooks, Goldstein & Manello, Boston, Mass., Robert F. Maxwell, Joseph M. Kehoe, Jr., and Sears, Roebuck and Co., St. Davids, Pa., on brief, for defendant, appellee.

Before CAMPBELL, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

Feleicia Malcolm Davis appeals from a judgment rendered by the district court dismissing her race discrimination complaint filed under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and of the Civil Rights Act of 1870, 42 U.S.C. § 1981. The district court determined that both causes of action were time barred. We affirm.

The allegedly discriminatory actions occurred during Davis's employment with Sears from January to December 11, 1976, the date in which she left her employment, allegedly as a result of a constructive discharge. On March 24, 1977 she filed discrimination charges with the Equal Employment Opportunity Commission. After a finding of lack of reasonable cause, on September 12, 1978 said agency mailed Davis a letter advising her of her right to sue privately within 90 days. On December 13, 1978 she filed the present action.

Ruling on defendant's motion to dismiss accompanied by an affidavit the district court determined that Davis received the notice of right to sue on September 13, 1978 and that having failed to file her complaint in the district court within ninety days of such receipt her Title VII claim was time barred.[1] As to the § 1981 claim, the district court concluded that the right of action for racial discrimination contained in Mass.Gen.Laws ch. 151B was the state action most analogous to a § 1981 claim and that the two year statute of limitations contained in M.G.L. c. 151B, § 9 applied to § 1981 causes of action. Because the complaint here was filed on December 13, 1978, two years and two days after the date of discharge, the district court concluded that plaintiff's § 1981 claim was also time barred.

Appellant contends that the district court erred in considering the averments contained in the affidavit submitted by Sears in support of its claim that Davis received the notice of right to sue letter on September 13, 1978. In the affidavit Wendy Champagne, a paralegal employed by the law firm representing Sears, stated that on March 1, 1979 she went to the Boston office of the EEOC where she was informed that Davis did not date the certified mail receipt card when she signed for her receipt of the notice of right to sue but that the EEOC receipt stamp indicated that the card came back to their office on September 14, 1978. Champagne further stated that the Postmaster of the Agawam Post Office informed her that his records revealed that Davis signed for receipt of the letter on September 13, 1978.

---

1. 42 U.S.C. § 2000e–5(f)(1) provides that: "If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission ... the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ...."

■ It is true that Fed.R.Civ.P. 12(b) commands that when affidavits are submitted to a trial court together with a motion to dismiss the motion be treated as one for summary judgment, and that Fed. R.Civ.P. 56(e) requires that supporting and opposing affidavits filed in relation to motions for summary judgment contain personal knowledge and set forth facts that would be admissible in evidence. While these evidentiary requirements are mandatory, *Antonio v. Barnes*, 464 F.2d 584 (4th Cir.1972); *McSpadden v. Mullins*, 456 F.2d 428, 430 (8th Cir.1972); *United States v. Dibble*, 429 F.2d 598, 602 (9th Cir.1970); *G.D. Searle & Co. v. Chas. Pfizer & Co.*, 231 F.2d 316, 318 (7th Cir.1956); 10A C. Wright et al, *Federal Practice and Procedure*, § 2738 (1983); 6 (Part 2) *Moore's Federal Practice*, ¶ 56.22[1] at 56–1330 (1982), if a party submits an inadmissible affidavit and the opposing party does not move to have it stricken, any objections to its consideration are deemed to have been waived and it may properly be considered by the court when ruling on the motion. *Lacey v. Lumber Mutual Fire Insurance Co. of Boston*, 554 F.2d 1204 (1st Cir.1977); *United States v. Dibble*, 429 F.2d 598, 603 (9th Cir.1970) (Wright, J., concurring); *Noblett v. General Elec. Credit Corp.*, 400 F.2d 442 (10th Cir.), *cert. denied*, 393 U.S. 935, 89 S.Ct. 295, 21 L.Ed.2d 271 (1968); *Klingman v. National Indem. Co.*, 317 F.2d 850, 854 (7th Cir.1963); Wright, *supra*, at 507–509; Moore's, *supra;* F.R.Evid. 103. Only to prevent a gross miscarriage of justice will we depart from the application of this rule.

■ Here our review of the record indicates that Davis did not move to have the affidavit disregarded. In fact, the only reference to this document made in her memorandum in opposition to the motion to dismiss was that the affidavit was "perhaps appropriate in a motion for summary judgment," which far from suggesting an objection to its consideration conveyed the contrary message. Davis claims that she challenged the sufficiency of the affidavit at the hearing on the motion to dismiss. But the only hearing held here was before a magistrate and since no transcript of this hearing was included with the record, we are precluded from considering this allegation. Additionally, we note that nothing in the magistrate's report suggests that appellant made oral objections to the admissibility of the affidavit. Thus, its consideration by the district court was discretionary.

*Maiorana v. MacDonald*, 596 F.2d 1072, 1079 (1st Cir.1979), does not stand for a different position. In *Maiorana* although only one of the defendants had objected to certain counteraffidavits the district court itself disregarded them for noncompliance with Rule 56(e). On appeal we entered into the issue of whether such disregard was proper because plaintiff-appellant, the party that had submitted the counteraffidavits, claimed that such disregard was erroneous. As here, we upheld the district court's use of its discretionary power.

■ Appellant next contends that in accordance with *Rice v. New England College*, 676 F.2d 9 (1st Cir.1982), equitable grounds for tolling or extending the ninety day statutory period should be recognized to allow her claim. She argues that there being no conclusive proof that she received the letter on September 13 it should be presumed that the earliest she could have received it was two days later. The problem with this argument is that it does not give support to appellant's claim of equitable grounds for tolling or extending the statute, but instead is directed to the correctness of the district court's finding of lack of factual controversy as to the date of receipt of the notice of right to sue. Since appellant did not file counteraffidavits to show the existence of genuine controversy as to this point, and, as we have already stated, did not move to have appellee's affidavit stricken, the district court's finding was well within its discretion and may not be challenged now.

■ The other two grounds asserted by Davis as basis for tolling the statutory period are equally without merit. The distance between her home town and the location of the district court and the fact that the defendant suffered no harm from the late

filing were specifically rejected in *Rice* as equitable grounds for extending or tolling the statute.

In relation to the § 1981 claim, Davis contends that M.G.L. c. 151B is the state statute most analogous to a § 1981 cause of action and that the six month statute of limitations contained in M.G.L. c. 151B § 5 applies to § 1981 actions filed in Massachusetts. She asserts that the period starts to run on either the date of the last discriminatory action or on the date of the final administrative adjudication of the claim, if administrative relief has been pursued. Since her complaint was filed on December 13, 1978, less than six months after the EEOC dismissed her administrative claim on September 12, 1978, it would be timely. Alternatively, Davis argues that the Massachusetts Civil Rights Act, M.G.L. c. 12 § 11I, is the state statute most analogous to a § 1981 claim and that the three year limitations period for actions in tort or contract, M.G.L. c. 260 §§ 2A and 4, applicable to it should be held applicable to § 1981 causes of action.

The *Burns v. Sullivan,* 619 F.2d 99 (1st Cir.), *cert. denied,* 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980); *Holden v. Commission Against Discrimination,* 671 F.2d 30 (1st Cir.), *cert. denied,* — U.S. —, 103 S.Ct. 97, 74 L.Ed.2d 88 (1982), and *Carter v. Supermarkets General Corporation,* 684 F.2d 187 (1st Cir.1982), trilogy has left no doubt that M.G.L. c. 151B is the Massachusetts statute most analogous to §§ 1981 and 1983 causes of action based on claims of racial discrimination and that the six months limitation period in § 5 of that statute applies to complaints of this kind filed in Massachusetts pursuant to either § 1981 or 1983. In *Holden* we specifically rejected the suggestion in *Burns* that the period could begin to run on the date of the decision of the state administrative agency and made clear that this term begins to run on the date of notice of the discriminatory dismissal regardless of whether agency action is sought. See also, *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *Chardon v. Fernandez,* 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981) (per curiam). Thus, appellant's assertion to the contrary is entirely unsupported by precedent.

There being no allegation in appellant's complaint or amended complaint of the use of threats, intimidation or coercion to interfere with her civil rights and since the Massachusetts Civil Rights Act, M.G.L. c. 12 § 11I, does not have a limitations period, we do not deem consideration of its possible applicability in the instant case appropriate.

*Affirmed.*