**Ronald CHASE, Plaintiff,**

v.

**Stafford QUICK, et al., Defendants.**

**Civ. A. No. 82–0446 S.**

United States District Court,
D. Rhode Island.

May 11, 1984.

Ronald Chase, pro se.

Stephen P. Robinson, Cranston, R.I., for defendants.

## MEMORANDUM AND ORDER FOR DISMISSAL

SELYA, District Judge.

This is an action brought *pro se* on July 7, 1982 by an inmate at the Adult Correctional Institution (ACI), Cranston, Rhode Island (a state penal institution). The defendants are corrections officials. The action, which has lain fallow since its inception, provides scant food for judicial thought.

The case has, in the recent past, been assigned to my calendar. This court has reviewed the allegations contained in the complaint in light of the defendants' so-called "First Defense," including the assertion of a defense of failure to state a claim upon which relief can be granted. Fed.R. Civ.P. 12(b)(6). In so doing, the court has taken the factual averments of the complaint and related materials (such as they are) as true; and has considered them in the light most favorable to the claimant. So viewed, the court is constrained to find that the Rule 12(b)(6) defense is well taken; and the court is impelled, as prayed for by the defendants in their answer, to dismiss the action. Further proceedings here would serve no useful purpose.

The described grievances are amorphous. Chase is incarcerated at the High Security Center (HSC) at the ACI. His complaint is in the nature of a generalized critique of the culinary service at the HSC: he grieves not of a precise event or mishap, but of a full menu of lingering commensal suspicions. Without reference to specific documented instances, he rails against lack of supervision anent food distribution; gripes that correctional officers help themselves to morsels from prisoners' trays; bemoans the lack of cafeteria facilities at the HSC; and contends that violations of unspecified food-handling standards of the Rhode Island Department of Health have occurred. Hunger, food-poisoning, postcibal illness and the like are apparently not the problem; neither starvation nor malnutrition is alleged. Yet, he seeks, *inter alia*, to bar correctional officers from administering the food service operation at the HSC. He attempts, in a feeble and wholly conclusory manner, to relate this fare to the tenets of his religion. *E.g.*, Complaint, ¶ IV (4) ("The Muslim meals are not to consist of pork but my tray and other Muslims have received pork."). There is nothing to suggest that these occurrences are other than episodic and unintentional (if negligent).

The plaintiff points to nothing in the "Morris Rules," *Morris v. Travisono*, 310 F.Supp. 857, 865–875 (D.R.I.1970), which has been transgressed here. His creative juices do not extend to a dispute of his classification or placement in the HSC, or to any lack of consistency of the same with the Morris Rules. Nor does he dispute that the HSC, by definition, requires tighter strictures for its operations than, say, medium security (let alone the neighborhood delicatessen). He nowhere sets forth facts to show that the ACI has failed in any meaningful way, or in any one or more discrete instance(s), to meet its Constitutional and-or court-mandated obligations in his case; or that any specific harm has befallen him. In these circumstances, the absence of particularized facts is fatal. No colorable claim is presented for federal judicial review. First, there is a failure to

meet the case or controversy requirement. *Valley Forge Christian College v. American United, etc.*, 454 U.S. 464, 471, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982); *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980). As in *Duffy v. Quattrocchi*, 576 F.Supp. 336, 342 (D.R.I.1983), "(t)he plaintiff's pruritis cannot be scratched by the federal judiciary in the absence of a live controversy." And second, there is a failure to plead with the requisite specificity. *See O'Shea v. Littleton*, 414 U.S. 488, 497, 94 S.Ct. 669, 676–77, 38 L.Ed.2d 674 (1974); *Fisher v. Flynn*, 598 F.2d 663, 665 (1st Cir.1979) (Title VII); *Black v. Brown University*, 555 F.Supp. 880, 886 (D.R.I.1983).

■ As to the conditions attendant upon the plaintiff's confinement, none of the allegations of harm or deprivation appear facially to sink to the level of constitutional violations—a level which must be met to confer jurisdiction on this court. *Procunier v. Martinez*, 416 U.S. 396, 404–05, 94 S.Ct. 1800, 1807–08, 40 L.Ed.2d 224 (1974). And in any event, Chase is part of the class for whose benefit suit has long since been brought in this court to insure that conditions at the ACI are no worse than the minimum level permissible under the Eighth Amendment.[1] That case remains pending, and is a more apt forum for a generalized complaint of the type noted by this plaintiff. It would defeat the salutary purposes of Fed.R.Civ.P. 23 to permit Chase to attempt collaterally to traverse the same ground in an individual action.

The prisoner's complaint as to interference with his First Amendment rights is far too attenuated to be swallowed whole. Members of the plaintiff's faith are not, for aught that appears, treated better or worse than others who dine (not by choice) at the HSC. And, some effort has apparently been made, to the extent feasible, to honor valid sectarian dietary demands.

At bottom, Chase's action presents the flip side of a familiar aphoristic coin: if the way to a man's heart lies through his stomach, then so does the way to his bile. But, prison life cannot be modeled after a religious retreat. Incarceration, after all, itself impedes the exercise of a variety of freedoms—as well it should. The Constitution requires that correctional facilities meet certain minimum standards of decency, wholesomeness, cleanliness and the like—not that they cater to the individual preference of each inmate or that institutional cuisine be presented and served in a manner which Guide Michelin would applaud. A jail is, when all is said and done, a penal institution maintained for the purpose of imprisoning those who have committed wrongs against society and thus are receiving their just desserts; it is neither a country club, nor a three-star bistro. The applicable criteria must be judged accordingly.

Chase's complaint is not judicially digestible in the form presented. Consonant with the foregoing, the action must be, and it hereby is, dismissed.

*So ordered.*

---

**1.** Judge Pettine specifically retained jurisdiction in *Palmigiano v. Garrahy*, 443 F.Supp. 956, 990 (D.R.I.1977).