John Daniel **FRONEBERGER**, Plaintiff,

v.

**YADKIN COUNTY SCHOOLS**, Mrs. Jo White, Personnel Director, Yadkin County Board of Education, Defendants.

No. C–85–1008–WS.

United States District Court, M.D. North Carolina, Winston-Salem Division.

March 13, 1986.

John Daniel Froneberger, pro se.

Lee Zachary of Zachary, Zachary & Harding, Yadkinville, N.C., Robert J. Lawing and Penni L. Pearson of Petree, Stockton, Robinson, Vaughn, Glaze & Maready, Winston-Salem, N.C., for defendants.

## MEMORANDUM ORDER

### HIRAM H. WARD, Chief Judge.

This matter comes before the Court on defendants' Motion to Dismiss and Answer (October 25, 1985), Plaintiff's Motion for Summary Judgment (November 18, 1985), Plaintiff's Request for Order for Confidential Records (November 22, 1985), Defendant Jo White's Motion For Summary Judgment (December 4, 1985), Defendants' Motion For Summary Judgment (December 17, 1985), and Plaintiff's Motion to Continue Discovery (February 3, 1986). Plaintiff, John Froneberger,[1] contends that defendants, Yadkin County Schools (Yadkin) and Jo White (White), discriminated against him on the basis of sex in violation of 42 U.S.C. § 2000e and age in violation of 29 U.S.C. § 623 by failing to hire plaintiff for a teaching position. The Court will grant Defendants' Motion For Summary Judgment mooting defendants' other motions and deny plaintiff's Motions For Summary Judgment, for Confidential Records and to Continue Discovery.

## FACTS

On August 7, 1984 plaintiff, in response to a classified ad, applied for a teaching position with the Yadkin County Schools (Yadkin).[2] The position was as a ninth grade general science teacher. Yadkin did not hire plaintiff for the teaching position. Plaintiff alleges that two persons were ultimately hired relevant to the position for which he applied and that both were women under 23 years old. On August 13, 1984 plaintiff filed a charge with the EEOC charging age and sex discrimination. On March 29, 1985 plaintiff received his right to sue letter under Title VII. Plaintiff failed to file a Title VII claim by June 27, 1985, ninety days after his receipt of notice of right to sue. On July 16, 1985 plaintiff sent to the Western District of North Carolina the complaint in this matter which was ultimately sent to and filed in the Middle District of North Carolina on August 16, 1985.

Related to plaintiff's qualifications to teach in public school, plaintiff avers that he has a North Carolina "A" teacher's certificate issued in July 1982. However, plaintiff's pleadings also establish other facts relevant to his qualifications. Plaintiff sometime before May 1985 through counsel applied for Social Security Administration (SSA) disability benefits. *See* Plaintiff's Answer to Reply Brief (November 27, 1985) and attachments thereto at unnumbered pages 9–10. On September 4, 1985 the SSA issued an award certificate for disability benefits rating the onset of plaintiff's disability as August 1, 1983. *Id.* at 12. Plaintiff stated in his Answer to Reply Brief (November 27, 1985) that the SSA rated the onset of his mental disability as August 1, 1983. *Id.* at 2. Additionally, plaintiff was examined at the Mandala Center on September 23, 1984 about a month and a half after he applied for the teacher's position with Yadkin. The Mandala psychiatric assessment was that plaintiff suffered from "Paranoid disorder" and "Schizoid-paranoid personality disorder." *Id.* at 17–19. The final diagnosis of Glenn Burgess, M.D. at Forsyth Memorial Hospital on December 3, 1984 was consistent with the Mandala diagnosis. *Id.* at 20.

## DISCUSSION

Defendants advance the argument that plaintiff's Title VII claims as to both defendants should be dismissed because of the untimeliness of plaintiff's complaint. Title VII requires that a plaintiff file his

---

1. The Court notes plaintiff's pro se status. However, plaintiff's pleadings by referencing other lawsuits brought by plaintiff show that he is an experienced litigant.

2. Plaintiff had previously applied with Yadkin in April of 1983.

lawsuit within ninety days of receipt of his notice of right to sue. 42 U.S.C. § 2000e–5(f)(1). Clearly, plaintiff failed to so file his complaint in this action and nothing else appearing defendants are entitled to judgment as a matter of law on the Title VII claim. Plaintiff in somewhat cryptic fashion apparently asserts an equitable tolling of the ninety day period for filing. In *Stebbins v. Nationwide Mutual Ins. Co.*, 5 F.E.P. 154 (4th Cir.1972), the Fourth Circuit recognized the possibility of an equitable tolling of the limitations period for suit under § 2000e–5. *Accord Harper v. Burgess*, 701 F.2d 29, 31 F.E.P. 450 (4th Cir.1983). However, the *Stebbins* Court stated: "[u]nless tolled on recognized equitable grounds, this time limitation 'must be strictly adhered to' and '[r]emedies for resulting inequities are to be provided by Congress, not the courts." *Stebbins*, 5 F.E.P. at 155.

The thrust of plaintiff's claim of equitable tolling is that as a result of his conviction on May 23, 1985 on felony charges and subsequent incarceration he was unable to get to the North Carolina Department of Corrections' law library until July 9, 1985. However, plaintiff admits that he served an amended complaint on the Hickory Public Schools from the Lincoln County jail on June 6, 1985. Additionally, plaintiff was not incarcerated from the time he received his notice of right to sue on March 29, 1985 until May 22, 1985. Plaintiff also stated that he made two trips to the law library in anticipation of filing his lawsuit by June 27, 1985 which shows plaintiff was fully aware of the statute of limitations. Plaintiff also asserts as an excuse that Mr. Harvey Jonas a private attorney who had represented plaintiff's sister in another action interfered with his filing a complaint and that while plaintiff was in prison he had worked the road crew and didn't have postage money until July 11, 1985.

Plaintiff's alleged excuses for failing to timely file his Title VII claim assuming they are true do not allege "recognized equitable grounds" for tolling the statute of limitations. Plaintiff does not allege any conduct on the part of either of the defendants that delayed or misled him. Further, plaintiff does not allege excusable circumstances which rendered him unable to timely file his claim. Plaintiff by his own pleadings established that he is an experienced litigant aware of the June 27, 1985 deadline and was not incarcerated between March 26, 1985 and May 22, 1985. Therefore, plaintiff's allegations are insufficient to create an issue of equitable tolling and defendants are entitled to judgment as a matter of law on the Title VII claims. *Carlile v. South Routt Sch. Dist.*, 652 F.2d 981 (10th Cir.1981) (tolling very restricted and applicable only where defendant has actively misled the plaintiff, plaintiff has in some extraordinary way been prevented from asserting his rights, or plaintiff has raised the claim but in the wrong forum); *Davis v. Sears, Roebuck and Co.*, 708 F.2d 862 (1st Cir.1983) (fact that defendant suffered no harm from late filing rejected as a basis for equitable tolling). The Court need not rely solely on plaintiff's failure to timely file his Title VII claims as another consideration is dispositive of both his Title VII and ADEA claims.

■ Defendants argue that an essential element of plaintiff's prima facie case is that he show he was qualified for the teaching position for which he applied; and further argue that plaintiff's pleadings establish that at the time plaintiff applied, he was suffering from a mental disability rendering it impossible for plaintiff to establish he was qualified for the teaching position.

Under both Title VII and the ADEA, a plaintiff may prove his case by direct or circumstantial evidence or he may rely on the proof scheme enunciated in *McDonnell Douglas*. *See generally Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230 (4th Cir.1982). The plaintiff here has made no forecast of evidence which would enable him to proceed without the benefit of *McDonnell Douglas*. An essen-

tial element of plaintiff's prima facie case under *McDonnell Douglas* for both his claims is that plaintiff show he was qualified for the teacher's position for which he applied. *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1093, 67 L.Ed.2d at 215 (Title VII context); *Lovelace*, 681 F.2d at 239 & 239 n. 8 (indicating that Title VII proof scheme is appropriate in ADEA context and that "basically qualified" is a predicate for a prima facie case in the refusal to hire situation). Plaintiff's pleadings establish that he was rated mentally disabled by the SSA as of August 1, 1983. Plaintiff applied for the teacher's position with Yadkin on August 7, 1984. Shortly after plaintiff's application the Mandala Center and Forsyth Memorial Hospital diagnosed plaintiff with paranoid personality problems.[3] The position applied for in this case was as a ninth grade school teacher. A ninth grade school teacher must be emotionally balanced and capable of dealing with various stresses, frustrations, and challenges of the classroom. Thus, plaintiff by his own pleadings has established that he was not qualified for the position for which he applied with Yadkin. Therefore, defendants are entitled to judgment as a matter of law.

 The Court notes the general rule that summary judgment should not be granted before discovery is ended. However, here the plaintiff made the initial motion for summary judgment, moved for an extension of discovery on the eve of summary judgment, and established by his own pleadings a bar to recovery. Therefore, in this instance the only kind resolution to both the plaintiff and the defendants is to grant summary judgment at this stage of the proceedings. The Court's holding is no broader than the unique facts of this case involving a position of teaching young teenagers and an applicant whose pleadings on their face establish a serious mental disability. Because of the Court's ruling defendants' other motions are mooted. Plaintiff's motion for summary judg-

ment is denied for the reasons stated above. Plaintiff's request for confidential records and motion to continue discovery are denied because the face of his pleadings establish an insurmountable bar to plaintiff's recovery.

IT IS, THEREFORE, ORDERED that defendant Yadkin's and defendant White's motions for summary judgment with respect to both plaintiff's Title VII and ADEA claims be, and the same hereby are, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment, request for order for confidential records, and motion to continue discovery are, and the same hereby are, DENIED.

---

**3.** The Mandala summary noted that plaintiff gave rambling descriptions of his obsession with legal suits directed at employers who had interviewed him but not hired him. Plaintiff's Answer to Reply Brief (November 27, 1985) at 17.