Piche v. Screen USA, et al.          CV-96-456-M    02/04/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Stephanie Piche

        v.                                    Civil No. 96-456-M

Screen U.S.A. and
Jeff Angelson


                            **O R D E R**


        Plaintiff, Stephanie Piche, asserts claims under Title VII,

42 U.S.C.A. § 2000e, and state law.  Defendants have moved for

summary judgment, contending that Piche's Title VII claim was not

timely filed and that she cannot prevail on the merits of her

state law claims.  The court agrees that the Title VII action was

not timely filed, and defendants are entitled to summary judgment

as to that claim.  The court declines to exercise supplemental

jurisdiction with respect to Piche's state law claims; those

claims are dismissed without prejudice.


                         **Standard of Review**

        Summary judgment is appropriate if the "pleadings,

depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party

is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(c).  The moving party first must show the absence of a genuine

issue of material fact for trial.  Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 256 (1986).  If that burden is met, the

opposing party can avoid summary judgment on issues that it must prove at trial only by providing properly supported evidence of disputed material facts that would require trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The court interprets the record in the light most favorable to the nonmoving party and resolves all inferences in its favor. <u>Saenger Organization v. Nationwide Ins. Assoc.</u>, 119 F.3d 55, 57 (1st Cir. 1997). Thus, summary judgment will be granted if the record shows no trialworthy factual issue and if the moving party is entitled to judgment as a matter of law. <u>EEOC v. Green</u>, 76 F.3d 19, 23 (1st Cir. 1996).

## <u>Background</u>[1]

Stephanie Piche worked for Screen U.S.A. from September 1, 1993, until June 1, 1995. Defendant Jeff Angelson was her supervisor at Screen from the beginning of her employment until December 1994, when Angelson was promoted within the company. Piche alleges that Angelson made two sexually offensive remarks to her while he was her supervisor. Then, after Angelson was promoted, Piche alleges that he fired her based on the effect of a false rumor upon her work performance.

---

[1]**Plaintiff has not provided a statement of material facts as required by local rule. LR 7.2(b)(2). The facts material to the time the action was commenced appear to be undisputed, and further factual information is provided for background purposes only.**

Piche filed charges of discrimination with the New Hampshire Human Rights Commission and the Equal Employment Opportunity Commission on June 2, 1995. The EEOC issued a right-to-sue notice on May 10, and the notice was received by Piche's attorney on May 13, 1996. Piche's complaint was <u>filed</u> in federal court on August 22, 1996, but defendants were <u>served</u> with the complaint on August 5, 1996.

## Discussion

Defendants move for summary judgment with respect to Piche's Title VII claim asserting a statute of limitations defense. An action under Title VII must be brought within ninety days following notice of the right to sue. <u>See</u> 42 U.S.C.A. § 2000e-5(f)(1). Piche acknowledges that her complaint was not filed within ninety days after receipt of her right to sue notice from the EEOC. She argues, however, that because the complaint was delivered to the defendants within the ninety-day limitation period, the action was timely.[2]

But Rule 3 of the Federal Rules of Civil Procedure, not state law, provides the procedure for commencing a Title VII action in federal court. <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S. 147, 149-50 (1984). Accordingly, Piche's complaint, which the parties agree was not filed in this court within the

---

[2]Under New Hampshire civil practice, "a suit is commenced when the writ is filled out with the intention of having it served on the defendant." <u>Hodgdon v. Weeks Memorial Hosp.</u>, 122 N.H. 424, 426 (1982).

3

ninety-day limitations period, was not timely, notwithstanding the fact that it was delivered to the defendants within ninety days of EEOC's issuance of the right-to-sue letter.

While the ninety-day limitations period is subject to estoppel, waiver, and equitable tolling, "[i]n the absence of a recognized equitable consideration, the court cannot extend the limitation period by even one day." Rice v. New England College, 676 F.2d 9, 11 (1st Cir. 1982). Piche argues that the time should be tolled because defendants had actual notice by virtue of her having delivered a copy of the unfiled complaint to them within the limitations period. But, a lack of prejudice caused by delay in filing does not alone justify equitable tolling. Baldwin County, 466 U.S. at 152; Rice, 676 F.2d at 11. In addition, the First Circuit generally takes "a narrow view" of equitable exceptions to the Title VII limitations period. Mack v. Great Atlantic and Pacific Tea Co., Inc., 871 F.2d 179, 185 (1st Cir. 1989). Piche's late filing does not appear to have been the result of any recognized equitable consideration, and "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Baldwin County, 466 U.S. at 151.

Since Piche's Title VII claim was not timely filed and no equitable considerations operate to toll the limitation period, summary judgment is granted in favor of the defendants as to that claim.

Piche has voluntarily dismissed her state law breach of contract claims (Counts I and III) as well as her claim under New Hampshire Revised Statutes Annotated 354-A (Count XIII). With respect to her remaining state law claims, Piche has alleged supplemental subject matter jurisdiction pursuant to 28 U.S.C.A. § 1367 (rather than original diversity jurisdiction pursuant to 28 U.S.C.A. § 1332). As judgment is entered in defendants' favor with respect to Piche's Title VII claim, the court declines to exercise supplemental jurisdiction over the remaining state law claims, 28 U.S.C.A. § 1367(c)(3), which are hereby dismissed without prejudice.

## Conclusion

For the foregoing reasons, defendants' motion for summary judgment (document no. 23) is granted. The clerk of court is instructed to enter judgment in favor of the defendants, in accordance with the terms of this order, and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 4, 1998

cc:  Timothy C. Coughlin, Esq.
     James P. Bassett, Esq.
     Kendall B. Lynchey, Esq.

5