**Lanier WAITERS, Appellant,**

v.

**ROBERT BOSCH CORPORATION, Appellee.**

**No. 81–1820.**

United States Court of Appeals, Fourth Circuit.

Argued May 4, 1982.

Decided July 7, 1982.

Edward M. Brown, Charleston, S. C. (Moore, Brown & Davis, Charleston, S. C., on brief), for appellant.

Robert O. Sands, Greenville, S. C. (Ogletree, Deakins, Nash, Smoak & Stewart, Greenville, S. C., on brief), for appellee.

Before HALL and SPROUSE, Circuit Judges, and DOUMAR,* District Judge.

K. K. HALL, Circuit Judge:

Lanier Waiters appeals the dismissal of his Title VII action for failure to comply with the 300-day time limitation for filing charges with the Equal Employment Opportunity Commission (EEOC) as required by § 706(e) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e). We conclude that Waiters filed his charge within the limitation period, and therefore we reverse.

## I.

On February 27, 1979, Waiters was discharged from his job with the Robert Bosch Corporation in Charleston, South Carolina. The following day, he met with his attorney and prepared an affidavit setting forth a charge that Bosch had engaged in racially discriminatory conduct. In the heading of the affidavit, Waiters directed the charge to EEOC. He gave his name and address, and the name of his employer, but did not give the employer's address. In the body of the affidavit, he set forth a detailed account of Bosch's alleged discriminatory conduct. Waiters signed the affidavit and swore to its truthfulness before a notary public.

* Honorable Robert G. Doumar, United States District Judge for the Eastern District of Virginia, sitting by designation.

On March 1, 1979, Waiters' attorney mailed the affidavit to the South Carolina Human Affairs Commission (SCHAC).[1] On March 5, SCHAC notified Waiters that it would take no further action on his charges "since your attorney has already forwarded the allegation to the EEOC." In fact, the affidavit was not mailed to EEOC until March 26.

After submitting the affidavit to EEOC, Waiters was informed by a letter dated April 9, 1979, that EEOC lacked sufficient information to pursue his claim. The letter did not specify the information needed, but directed Waiters to contact EEOC for an interview. According to Waiters' attorney, this interview was conducted by telephone in May, 1979; the record does not disclose the content of this conversation.

During this period, the EEOC office in Greenville, South Carolina, was burglarized and Waiters' file was lost. His case lay dormant while the office searched for the file.

On November 5, 1979, Waiters submitted his charge on a form prescribed by EEOC. The form elicited Waiters' name and address; the name and address of his employer; the cause of the alleged discrimination; the date of the discriminatory act; and the factual allegations supporting the charge. The form was signed and verified by Waiters.

Upon receiving the form, EEOC immediately notified Bosch and deferred the charge to SCHAC. On October 1, 1980, SCHAC notified Waiters that it was terminating its proceedings and that he had a right to sue. On November 22, 1980, Waiters received a notice of right to sue from EEOC. The present litigation was instituted on February 9, 1981.

Acting upon the recommendation of its magistrate, the district court dismissed the complaint on the ground that Waiters had failed to file his charge with EEOC within 300 days of the discriminatory act. The magistrate found that Waiters had not submitted his charge to EEOC until November 5, 1979, 251 days after his discharge from Bosch. Because EEOC was required to defer to SCHAC for 60 days, the magistrate determined that EEOC could not acquire jurisdiction of the charge until 311 days after the discriminatory act. Applying the rule of *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), the magistrate concluded that the complaint was time barred.

The magistrate rejected Waiters' contention that the affidavit mailed to EEOC on March 26, 1979, was sufficient to constitute a charge. In the words of the magistrate, "while the plaintiff attempted to file a charge of discrimination on several occasions, it was not until November 5, 1979, that his application was accepted by the Equal Employment Opportunity Commission." The magistrate interpreted the EEOC letter of April 9, 1979, as rejecting the affidavit because of its insufficient information; however, the only deficiency noted by the magistrate was the omission of the defendant's address.

## II.

On appeal, the pivotal inquiry is the correctness of the lower court's determination that Waiters' affidavit was insufficient to constitute a charge of discrimination.

Section 706(b) provides that charges of discrimination "shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." To implement this provision, EEOC has promulgated regulations which state that the following information should be included in a charge:

(1) the full name, address and telephone number of the charging party;

(2) the full name and address of the party being charged;

(3) a statement of facts, including pertinent dates;

---

1. SCHAC is a designated agency to which EEOC must initially defer charges pursuant to § 706(d).

(4) the approximate number of employees of the respondent employer or the approximate number of members of the respondent labor organization, as the case may be; and

(5) a statement as to whether proceedings have been instituted with a state or local agency, and the date such proceedings were initiated.

29 C.F.R. § 1601.12(a) (1979).

However, notwithstanding the foregoing provisions, the regulations provide further:

"a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein."

29 C.F.R. § 1601.12(b) (1979).

■ Applying these guidelines, we view Waiters' affidavit as clearly sufficient to constitute a charge of discrimination. The affidavit identified the parties, the nature of the discrimination, the date of the discriminatory act and the circumstances supporting the charge. The only notable omission from the affidavit was the employer's address; this is truly a technical defect which does not affect the substance of the charge and which can be easily remedied. Thus, we hold that Waiters submitted his charge when the affidavit was received by EEOC in late March or early April, 1979.[2]

■ The fact still remains that the 60-day deferral period commenced 251 days after the alleged discriminatory act. Ordinarily, deferral at this late date would result in a violation of the 300-day filing period. See *Mohasco, supra.* However, in *Zipes v. Trans World Airlines, Inc.,* —— U.S. ——, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) the Supreme Court held that the filing periods for EEOC claims may be tolled when equity so requires. In this case, Waiters did everything required of him by the statute; had his charge been properly processed, the charge would have satisfied the filing period. Under such circumstances, equity clearly mandates the tolling of the 300-day period as of the date EEOC received the affidavit.

■ By the same token, the plaintiff is not responsible for EEOC's failure to notify Bosch of the charges within ten days of receiving the affidavit.[3] Thus, the delay in serving the charge does not bar the action in district court. *See, Thornton v. East Texas Motor Freight,* 497 F.2d 416, 424 (6th Cir. 1974).

For these reasons, we conclude that the district court erred in dismissing Waiters' complaint. Accordingly, the order of dismissal is reversed and the case is remanded for further proceedings.

REVERSED AND REMANDED.

---

**2.** The record does not reveal the precise date upon which the affidavit was received by EEOC. However, judging from the fact that EEOC responded on April 9, 1979, the affidavit was obviously received during the period of March 26 to April 9, well within the time needed for deferral to SCHAC and subsequent acquisition of jurisdiction by EEOC.

**3.** Section 706(b), 42 U.S.C. § 2000e–5(b), requires EEOC to serve notice of a charge on the employer within ten days.