829 F.2d 1119
 51 Fair Empl.Prac.Cas. 112
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Walter BOROWSKI, Plaintiff-Appellant,
v.
VITRO CORP., DIVISION OF AUTOMATION INDUSTRIES; Robert
Gormley; Robert Winfrey; Michael Williams;
Richard Scholl; Defendant-Appellee.
 No. 86-3990.
 United States Court of Appeals, Fourth Circuit.
 Argued May 4, 1987.
Decided Sept. 15, 1987.
 
 Michael V. Matthews (George Beall; Thomas E. Lynch, III; Miles & Stockbridge, on brief), for appellant.
 Susan Buckingham Reilly, Assistant General Counsel; Equal Employment Opportunity Commission (Johnny J. Butler, Acting General Counsel; Gwendolyn Young Reams, Acting Associate General Counsel; Gladys 0. Collazo, on brief), for Amicus Curiae.
 George W. Johnston (Francis R. Laws; Venable, Baetjer & Howard, on brief), for appellees.
 Before DONALD RUSSELL and ERVIN Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The appellant Walter Borowski appeals the dismissal, under Federal Rules of Civil Procedure 12(b) and 56, of his Age Discrimination in Employment Act (ADEA) complaint for failure to file his claim timely with the Equal Employment Opportunity Commission (EEOC). The facts connected with the appeal are undisputed. In his complaint the plaintiff alleged a negative performance evaluation on February 7, 1983. He, by letter dated June 28, 1983, advised the EEOC of his claim. The letter was alleged in his complaint. The EEOC advised the appellant of its inability to investigate the claim without additional facts. On August 17, 1983, the appellant was interviewed by EEOC representatives and a formal "charge of discrimination form" was executed stating in detail his charge of discrimination.
 
 
 2
 The case arose in Maryland. Under Maryland law any claim of employment discrimination must be filed within six months of the discriminatory act. Md. Ann. Code Art. 49B, Sec. 9(a).[1] It was the contention of the defendants-appellees, that compliance with this provision of the Maryland statute was a condition to the filing of a timely claim, contending that the first filing of the claim was that submitted on August 17, 1983, to the EEOC. The district court held that there had not been a timely filing by the appellant within the prescribed provisions of the Maryland statute and dismissed the action. The district court in dismissing the action did not consider whether the letter written by the plaintiff on June 23, 1983, met the requirements for a timely filing. We find such failure error and therefore reverse.
 
 
 3
 The requirements for the filing of a claim under the Act are to be construed liberally. Frequently such claims are filed by claimants themselves who are not experienced in the drafting of documents or with the provisions of the Act itself. For this reason courts have not held claimants to strict standards of specificity in the filing of their claims. Love v. Pullman Co., 404 U.S. 522, 526-27, (1972); Waiters v. Robert Bosch Corp., 683 F.2d 89, 92 (4th Cir. 1982). It has been held that a claim is sufficiently stated if it adequately puts the employer on notice that there is a charge of discriminatory treatment. Eggleston v. Chicago Journeymen Plumbers, Etc., 657 F.2d 890, 905-06 (7th Cir. 1981), cert. denied, 455 U.S. 1017 (1982). Measured by this standard, we find that the letter of June 28, 1983 represented a sufficient filing and since it was timely filed, the dismissal Was error.
 
 
 4
 For the foregoing reasons, the judgment of the district court is reversed and the case is remanded for further proceedings.
 
 
 5
 REVERSED and REMANDED.
 
 
 
 [1]
 The district court referred to this period as being 180 days but the difference has no substantive impact here