**Dr. Leonard EDELMAN, Plaintiff,**

v.

**LYNCHBURG COLLEGE Defendant.**

**No. CIV. A. 6:99CV0060.**

United States District Court,
W.D. Virginia,
Lynchburg Division.

Sept. 20, 1999.

Mary V. Barney, Law Office of Alexander W. Bell, Alexander Wayne Bell, Law Office of Alexander W. Bell, Lynchburg, VA, for Lynchburg College.

Elaine C. Bredehoft, Charlson & Bredehoft, P.C., Reston, Kristine H. Smith, Edmunds & Williams, P.C., Lynchburg, VA, for Leonard Edelman.

## MEMORANDUM OPINION

MOON, District Judge.

Dr. Leonard Edelman filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that he was wrongfully denied tenure and terminated as the result of discrimination on the account of his gender, ethnicity, religion, and age. Dr. Edelman also asserts Virginia state law claims of negligent retention, breach of contract, intentional infliction of emotional distress, and defamation. The action was originally filed in the Circuit Court for the City of Lynchburg, Virginia. Lynchburg College removed the action to this Court and filed a motion to dismiss the Title VII claims for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Defendant's motion to dismiss also seeks to dismiss the negligent retention, intentional infliction of emotional distress, and defamation claims for failure to state a claim upon which relief can be granted pursuant to Fed. R.Civ.P. 12(b)(6). Because Dr. Edelman failed to timely file his claim with the Equal Employment Opportunity Commission, Lynchburg College's motion to dismiss the Title VII claims is GRANTED. The remaining state law claims are REMANDED to the Circuit Court for the City of Lynchburg, Virginia.

## I. BACKGROUND

Dr. Leonard Edelman, a Jewish white male, was hired by Lynchburg College (hereinafter "the College") as an Assistant Professor in 1993. Dr. Edelman entered into Lynchburg College's formal tenure evaluation process in the fall of 1996. He received tenure recommendations from the Chairman of the Biology Department and an ad hoc committee of the faculty. However, Dean Jacqueline W. Asbury recommended to President Charles Warren that tenure be denied. On May 23, 1997, President Warren informed Dr. Edelman by letter that the College's Board of Trustees had accepted his subsequent recommendation not to award Dr. Edelman tenure.

On November 14, 1997, Dr. Edelman sent a letter to the Equal Employment Opportunity Commission (hereinafter "EEOC") "request[ing]" to file a charge of employment discrimination against Lynchburg College in regards to their personnel decisions concerning [him] during January—June, 1997 culminating in the denial of [his] continued employment at the college." In this letter, which was not made under oath or affirmation, Dr. Edelman stated his belief that this case was "one of gender-based employment discrimination, exacerbated by discrimination on the basis of [his] family's national origin and religion." The November 14 letter was followed by a letter from Dr. Edelman's counsel on November 26, 1997,

which stated that "Professor Edelman would like to have a personal interview with an EEOC investigator prior to the final charging documents being served on the college." Counsel concluded the November 26 letter by stating that it was his "understanding that delay occasioned by the interview will not compromise the filing date, which will remain as November 14, 1997." On December 3, 1997, Rosalind Hall–Smith, the EEOC Supervisor of the Charge Receipt/Technical Informational Unit, responded to the November letters by stating that more information was needed before the matter could be pursued any further. Hall–Smith's letter concluded by stating that the EEOC would assume that Dr. Edelman did not intend to file a charge of discrimination with them if the EEOC did not hear from him within 30 days of the December 3 letter.

The EEOC conducted an interview with Dr. Edelman on March 3, 1998. On March 18, 1998, the EEOC sent Dr. Edelman a Charge of Discrimination form which it had prepared after the March 3 interview. Dr. Edelman signed the Charge of Discrimination form and declared, under the penalty of perjury, that he believed that he was "denied tenure and terminated because of [his] sex (male) in violation of Title VII of the Civil Rights Act of 1964, as amended." Dr. Edelman did not check the box on the Charge of Discrimination form beside the statement: "I want this charge filed with both the EEOC and the state or local Agency, if any." The Charge of Discrimination form stated that the earliest and latest date of discrimination was June 6, 1997. Upon the filing of the Charge of Discrimination on April 15, 1998, the EEOC designated Dr. Edelman's claims as Charge Number 122980526.

## II. DISCUSSION

*A Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction*

■■■ A plaintiff has the burden of proving the existence of subject matter jurisdiction. *Evans v. B.F. Perkins Co.,*

166 F.3d 642 (4th Cir.1999). Lynchburg College now seeks a dismissal for lack of subject matter jurisdiction due to Dr. Edelman's alleged failure to timely pursue EEOC proceedings and state enforcement proceedings under state law with the Virginia Council on Human Rights (hereinafter "VCHR"), which is charged with administering the provisions of the Virginia Human Rights Act (hereinafter "VHRA"). Va.Code § 2.1–714 *et seq.* The pertinent provision of Title VII states:

In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice ... **no charge may be filed** ... by the person aggrieved **before the expiration of sixty days after proceedings have been commenced under the State or local law,** unless such proceedings have been earlier terminated... If any requirement for the commencement of such proceedings is imposed by a State or local authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State or local authority.

42 U.S.C. § 2000e–5(c) (emphasis added). Thus, a plaintiff is required to exhaust administrative and state remedies prior to filing an action in federal court. Typically, a plaintiff litigating a claim under Title VII has 180 days from the time of the aggrieved action in which to file a complaint with the EEOC. 42 U.S.C. § 2000e–5(e). Once the EEOC issues a right-to-sue letter, the plaintiff may then file suit in federal court. If, however, the plaintiff resides in a "deferral state" within the meaning of 42 U.S.C. § 2000e–5(c), the plaintiff will have 300 days in which to commence proceedings under the appropriate state or local law. *See Davis v. North Carolina*

*Dep't of Correction,* 48 F.3d 134, 137–40 (4th Cir.1995) (stating that § 2000e–5 requires plaintiff to commence proceedings under state law before the EEOC can act upon federal discrimination claims). A "deferral state" is one which has a state or local law "prohibiting the unlawful employment practice alleged" and a state agency authorized "to grant or seek relief" from the practice. *Id.; EEOC v. Hansa Products, Inc.,* 844 F.2d 191, 192 n. 1 (4th Cir.1988).

■ Virginia is such a "deferral state" and the VCHR is a "deferral" agency within the meaning of the statute with primary responsibility for enforcement of Title VII. *Capps v. City of Lynchburg,* 67 F.Supp.2d 589 (W.D.Va.1999); *Tinsley v. First Union National Bank,* 155 F.3d 435 (4th Cir. 1998). Thus, for this Court to have subject matter jurisdiction over Dr. Edelman's complaint, he must have timely filed a discrimination claim with the EEOC and the VCHR. The EEOC Charge of Discrimination, which was sworn and signed by Dr. Edelman, stated that the last date on which he was discriminated against was June 6, 1997. Thus, the last date for filing, by Dr. Edelman's own calculations beginning with June 6, 1997 as the latest date of discrimination, would be April 2, 1998. Because this Charge of Discrimination was not filed with any agency until April 15, 1998, Dr. Edelman failed to file within the 300 days allowed in which to commence proceedings.

■ Dr. Edelman argues that he did timely file his complaint because the November 1997 letters were written and sent within the 300 day time limit. He further argues that the April 15, 1998 Charge of Discrimination relates back to the November 14, 1997 letter and that his filing date should, therefore, be considered as November 14, 1997. While the Code of Fed-

eral Regulations provides that "[a] charge may be amended to cure technical defects or omissions ...", the problem with the plaintiff's argument is that the November 14, 1997 letter did not constitute a charge to which the April 15, 1998 charge could relate.

Title VII requires charges to be made "under oath or affirmation." 42 U.S.C. § 2000e–5(b). Dr. Edelman's November 14, 1997 letter was not made under oath or affirmation. Title VII requires charges to contain "such information and be in such form as the Commission requires." *Id.* The EEOC responded to the November letters from Dr. Edelman and his attorney by stating that the information provided was not sufficient for the EEOC to continue investigating Dr. Edelman's claim. Title VII states that "[w]henever a charge is filed by or on behalf of a person claiming to be aggrieved ... alleging that an employer ... has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge ... on such employer ... within ten days." *Id.* The EEOC did not serve notice of any discrimination charge on Lynchburg College within ten days of the November letters. In fact, Dr. Edelman's counsel specifically stated in his November 26, 1997 letter that Dr. Edelman wanted an interview with an EEOC investigator before any final charging documents were forwarded to Lynchburg College. The Court further observes that no charge number was assigned to the November 14, 1997 letter, that it was not sent as a charge of discrimination to the VCHR, and that the April 15, 1998 Charge of Discrimination does not even reference it. Thus, the Court agrees with the defendant's assertion that neither Dr. Edelman nor the EEOC proceeded as if the November 1997 letters did, or were intended to, commence proceedings.[1] Accordingly, the November 14, 1997 letter did not commence proceed-

1. This Court does observe that Dr. Edelman's counsel stated in his November 26, 1997 letter that he assumed that the filing date would be considered as November 14, 1997. This Court, however, is aware of no authority that

would allow a declaration of a party (or a party's counsel) of what should be considered a filing date to circumvent the requirements of Title VII. A filing date is established when

ing. As a result, there is no charge for the April 15, 1998 charge to relate back. Thus, the filing date is April 15, 1998, which is beyond the 300 days allowed to timely commence proceedings.

Dr. Edelman claims that even if he did not timely commence proceedings, he is entitled to equitable tolling of the filing period. In *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the United States Supreme Court held that "filing a charge of discrimination with the EEOC is ... a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Dr. Edelman, however, fails to establish that there are any reasonable grounds in this situation to warrant an equitable tolling of the filing requirements.

Although Dr. Edelman argues that he is entitled to equitable tolling because of the EEOC's delay in responding to his letter, the EEOC interviewed him and then mailed the prepared Charge of Discrimination form to him on March 18, 1998, within the time allowed to commence preceding. The letter attached to the prepared Charge of Discrimination form invited Dr. Edelman to make any necessary corrections. All that Dr. Edelman had to do at that point was to review the form, sign it, check the box that would have simultaneously filed the charge with the VCHR, and mail the charge back to the EEOC in the enclosed postage paid envelope. Because Dr. Edelman has not shown that there was an unreasonable delay on the part of the EEOC from the time that he initially contacted them six months after the last date of discrimination to the time that he received the Charge of Discrimination in the mail, this Court does not conclude that the period of time that lapsed before receiving the prepared Charge of Discrimination warrants an equitable tolling of the time requirements.

Similarly, the Court also disagrees with Dr, Edelman's argument that equitable tolling should be granted because Lynch-

burg College was not unduly prejudiced by his failure to commence proceedings in a timely manner. This argument fails to observe the fact that "[a]lthough absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984). Dr. Edelman's situation is not one where the delays of anyone besides himself hindered his ability to timely commence proceedings. The EEOC did not lead him to believe that he had done everything required to commence proceedings. Following the November 1997 letters, the EEOC advised Dr. Edelman that the November 1997 letters were not sufficient and that additional information was needed before the matter could be pursued. Similarly, Dr. Edelman's situation is not one where Lynchburg College engaged in any type of misconduct that would have lulled him into inaction. Thus, there is no independent factor that would warrant equitable tolling. This Court may not grant equitable tolling just because there has not been a showing that Lynchburg College would be prejudiced by extending the time in which Dr. Edelman could have commenced proceedings. As stated by the United States Supreme Court:

> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.... [I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Id.*

The defendant's motion to dismiss the Title VII claim for lack of subject matter jurisdiction is GRANTED.

proceedings are commenced as contemplated by the provisions of Title VII.

**B.** *Defendant's Motion to Dismiss Other Pending Motions*

Finally, in response to the defendant's 12(b)(6) motion to dismiss the state law claims for failure to state a claim upon which relief can be granted, these claims are REMANDED to the Circuit Court for the City of Lynchburg.

The Clerk of the Court is directed to send a copy of this Order to all parties and counsel of record.