Filed: August 29, 2002

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 99-2408
(CA-99-60-6)

Leonard Edelman,

Plaintiff - Appellant,

versus

Lynchburg College,

Defendant - Appellee.

O R D E R

The court amends its opinion on remand filed August 19, 2002, as follows:

On the cover sheet, section 7, lines 2-3; and on page 2, section 1, line 2 --"ALEXANDER BELL, PLC," is added after attorneys Mary Virginia Barney and Alexander W. Bell.

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

PUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

LEONARD EDELMAN,
     *Plaintiff-Appellant,*

    v.               No. 99-2408

LYNCHBURG COLLEGE,
     *Defendant-Appellee.*

On Remand from the United States Supreme Court.
   (S. Ct. No. 00-1072)

   Argued: June 8, 2000
 Decided: October 2, 2000
Decided on Remand: August 19, 2002

Before WILKINS and LUTTIG, Circuit Judges, and
Robert R. BEEZER, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
   sitting by designation.

_____

Affirmed in part, reversed in part, and remanded by published opin-
ion. Judge Wilkins wrote the majority opinion, in which Senior Judge
Beezer joined. Judge Luttig wrote a dissenting opinion.

_____

COUNSEL

**ARGUED:** Elaine Charlson Bredehoft, CHARLSON BREDEHOFT,
P.C., Reston, Virginia, for Appellant. Mary Virginia Barney, ALEXANDER
BELL, PLC, Lynchburg, Virginia, for Appellee. **ON BRIEF:** Kristine H. Smith,

EDMUNDS & WILLIAMS, P.C., Lynchburg, Virginia, for Appellant. Alexander W. Bell, ALEXANDER BELL, PLC, Lynchburg, Virginia, for Appellee.

_____

## OPINION

WILKINS, Circuit Judge:

Leonard Edelman appeals an order of the district court dismissing his employment discrimination claims against Lynchburg College ("the College"). His appeal has been considered by the Supreme Court and returned to us for further proceedings. We affirm in part, reverse in part, and remand.

### I.

Edelman was hired by the College in August 1993. Although Edelman was recommended for tenure by the chairman of his department and two review committees, the Dean refused to recommend Edelman for tenure. On the advice of the Dean, the President recommended to the Board of Trustees that Edelman's tenure nomination be denied, and the Board of Trustees denied tenure on June 6, 1997.

Edelman became convinced that the Dean had based her negative recommendation on his religion, ethnicity, gender, and age.[1] On November 14, 1997, Edelman sent a five-page, single-spaced letter ("the November 14 letter") to the Equal Employment Opportunity Commission ("EEOC") relating his allegations of discrimination and asserting that "I believe my case is one of gender-based employment discrimination, exacerbated by discrimination on the basis of my family's national origin and religion." J.A. 64. The letter concluded, "I hereby file a charge of employment discrimination against Lynchburg College . . . and I call upon the EEOC to investigate this case . . . ." *Id.* at 64-65. Although Edelman signed this letter, the letter was not verified, *i.e.*, sworn and notarized. The EEOC received this letter on November 18, 1997.

_____

[1] Edelman is a white male of Polish-Jewish descent who was 47 years old when he was denied tenure.

2

On November 26, 1997, an attorney representing Edelman wrote a letter to the EEOC ("the November 26 letter") following up on a telephone conversation he had had with an EEOC intake supervisor. After explaining that he represented Edelman, who had "filed his complaint of discrimination against Lynchburg College on November 14, 1997," counsel indicated that Edelman preferred to have his personal interview with EEOC "prior to the final charging documents being served on the college." *Id.* at 66. The attorney then stated, "It is my understanding that delay occasioned by the interview will not compromise the filing date, which will remain as November 14, 1997. Please advise if my understanding in this regard is not correct." *Id.* Counsel never obtained any response indicating that his understanding was incorrect.

On December 3, 1997, the EEOC wrote to Edelman informing him that the information in the November 14 letter was "not sufficient for [the EEOC] to continue investigating [the] case," and requesting that he arrange an interview. *Id.* at 67. The letter warned, "*IF WE HAVE NOT HEARD FROM YOU AT ALL WITHIN 30 DAYS OF THIS LETTER, WE WILL ASSUME THAT YOU DID NOT INTEND TO FILE A CHARGE OF DISCRIMINATION WITH US.*" *Id.* Edelman contacted the EEOC "[s]oon after" receiving its letter, but "[d]ue to the EEOC's delays," an interview was not conducted until March 3, 1998. *Id.* at 70. The EEOC investigator subsequently perfected a charge of sex discrimination,[2] and on March 18, 1998, mailed an EEOC Form 5 to Edelman for his signature. The signed perfected charge was received from Edelman on April 15, 1998, which was 313 days after June 6, 1997, the last date of alleged discrimination by the College. The charge was assigned a charge number and recorded in the EEOC's charge register. The charge was then forwarded to the College on April 21, 1998, and a copy of the Form 5 was sent to the Virginia Council on Human Rights ("the VCHR") on that same date. The College responded on May 29, 1998, denying that it discriminated against Edelman.

_____

[2] It appears that Edelman never alleged to the EEOC that he was discriminated against on the basis of age; this allegation appeared for the first time in his complaint filed in state court.

3

The EEOC issued a right to sue letter to Edelman on March 26, 1999, and Edelman brought this action in Virginia state court on June 10, 1999 asserting various state law claims. The College removed the case to federal court after Edelman amended his complaint to allege violations of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C.A. § 2000e-2(a)(1) (West 1994). Thereafter, the College moved to dismiss, asserting *inter alia* that the district court lacked subject matter jurisdiction over the Title VII claims because Edelman had not timely filed a charge with the EEOC. The district court granted the motion to dismiss and remanded the state law claims to state court.

Edelman appealed, and we affirmed on the ground that Edelman's failure to file a verified charge with the EEOC within 300 days of the last date of the alleged discrimination barred his suit. We held that an EEOC regulation allowing verification of a charge after expiration of the time for filing has expired, 29 C.F.R. § 1601.12(b) (2001), was contrary to the plain language of the applicable statute. *See Edelman v. Lynchburg College*, 228 F.3d 503, 507-09 (4th Cir. 2000). The Supreme Court granted certiorari and reversed, holding that the regulation was consistent with the plain language of the statute. *See Edelman v. Lynchburg College*, 122 S. Ct. 1145, 1149-53 (2002). The Court therefore remanded to us for further proceedings. *See id.* at 1153.

## II.

We now must determine whether the district court erred in ruling that the November 14 letter was not a valid charge to which the verified Form 5 charge could relate. Although the district court accepted the College's characterization of the exhaustion issue as jurisdictional, it is in fact "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). For this reason, and because the district court considered materials outside of the pleadings, we treat the College's motion as a motion for summary judgment. *See Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 357 n.4 (1959); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp.*, 109 F.3d 993, 995 (4th Cir. 1997). We review the grant of summary judgment de novo, viewing the disputed facts in the light most favorable to Edelman. *See Figgie Int'l, Inc. v. Destileria Serral-*

4

*les, Inc.*, 190 F.3d 252, 255 (4th Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Because Virginia is a "deferral state," Edelman had 300 days from the last date of discrimination to file a charge with the EEOC.[3] *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 439-42 (4th Cir. 1998). The Code of Federal Regulations provides that "`a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Edelman*, 122 S. Ct. at 1148 n.2 (quoting 29 C.F.R. § 1601.12(b) (1997)). An unverified but otherwise valid charge may be verified after the time for filing a charge has expired. *See id.* at 1151-52.

A.

The College does not challenge the status of the November 14 letter as a charge on the basis of its substantive contents. However, the College asserts that the November 14 letter did not constitute a charge because the EEOC did not assign it an EEOC number, forward a copy to the College, or forward a copy to the VCHR. The College asserts that as a matter of law the sworn Form 5 charge that Edelman eventually filed with the EEOC cannot relate back under 29 C.F.R. § 1601.12(b) because there was never a valid charge to which it could relate back. We disagree.

The problems noted by the College are not deficiencies in the charge; they are failures of the EEOC to carry out its responsibilities under Title VII.[4] *See, e.g.*, 42 U.S.C.A. § 2000e-5(b) & (e)(1) (West

_____

[3] Virginia is a deferral state because the VCHR possesses "authority to . . . seek relief from" the alleged unlawful employment practice. 42 U.S.C.A. § 2000e-5(e)(1) (West 1994); *see Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 440-42 (4th Cir. 1998).

[4] It is worth noting that the record reflects that the Richmond area director for the EEOC concluded from her review of Edelman's file that the EEOC considered the November 14 letter to be "a minimally sufficient charge." J.A. 80.

5

1994) (requiring EEOC to serve charge upon employer within ten days of date charge filed with EEOC). Once a valid charge has been filed, a simple failure by the EEOC to fulfill its statutory duties regarding the charge does not preclude a plaintiff's Title VII claim.[5] *See Waiters v. Robert Bosch Corp.*, 683 F.2d 89, 92 (4th Cir. 1982).

The College contends that *Waiters* is not controlling because the record demonstrates that Edelman did not intend the November 14 letter to be a charge. The College first points to the November 26 letter as support for its position. However, the November 26 letter only confirms that Edelman believed the November 14 letter was a charge. The letter specifically refers to Edelman's "complaint of discrimination" as well as Edelman's understanding that November 14 would be the filing date. J.A. 66. Although the letter also included an inquiry regarding whether that filing date would be affected if the EEOC delayed notifying the College of the charge, that inquiry was not inconsistent with Edelman's position that the November 14 letter constituted a charge.[6]

The College also maintains that the Form 5 charge demonstrated that Edelman did not consider the November 14 letter to be a charge. In this regard, the College notes that the Form 5 does not refer to the November 14 letter and fails to include two claims that were raised in that letter. We disagree. Neither of these points is significant because it is clear from the context that the Form 5 charge relates to the same circumstances as the November 14 letter.[7]

_____

[5] The College has not identified any prejudice resulting from the EEOC's delay.

[6] The College further asserts that *Waiters* is distinguishable because the EEOC's delay in notifying the College of Edelman's claims was the result of Edelman's own request in the November 26 letter. But Edelman's request for delayed notification was explicitly based on his understanding that such delay would not affect the filing date, and the November 26 letter did not indicate a willingness to withdraw his charge if he was mistaken. Moreover, the record does not indicate that the EEOC construed the November 26 letter as a request to withdraw his charge.

[7] We are not aware of any authority requiring an amendment to expressly identify the earlier charge when it is clear that all documents

6

Accordingly, because the College does not contend that the November 14 letter was substantively deficient and because the record does not reflect that Edelman prevented the EEOC from completing its statutory duties regarding the charge, we conclude that the College has failed to demonstrate as a matter of law that the unverified November 14 letter was not an otherwise valid charge to which the Form 5 could relate back.

### B.

The College also argues that the Form 5 charge cannot relate back to the November 14 letter with regard to the religion and ethnicity claims because the Form 5 charge contains only the allegation of sex discrimination. *See Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132-33 (4th Cir. 2002). We agree. It would be unreasonable—as well as prejudicial to the College—to allow Edelman's sworn statement on the Form 5 charge, which does not mention religious or ethnic discrimination, to serve as a verification of those charges. *Cf. Balazs v. Liebenthal*, 32 F.3d 151, 158 (4th Cir. 1994) (noting that defendant is prejudiced when it has to defend in court against charge that was never verified). We therefore hold that Edelman's verification via the Form 5 charge did not relate back to the claims not asserted in the Form 5.[8] *Cf. Edelman*, 122 S. Ct. at 1149 (explaining that verification requirement "protect[s] employers from the disruption and expense of responding to a claim unless a complainant is serious enough and sure enough to support it by oath subject to liability for perjury").

_____

relate to the same allegations of discrimination. Nor would the addition of such a technical requirement be consistent with the remedial purposes of Title VII. *See EEOC v. Techalloy Md., Inc.*, 894 F.2d 676, 679 (4th Cir. 1990).

[8] The College also contends that Edelman failed to timely exhaust his state remedies. This argument is foreclosed by *Puryear v. County of Roanoke*, 214 F.3d 514 (4th Cir. 2000), a case decided after we heard oral argument in the present appeal.

III.

In sum, despite the fact that the EEOC did not treat the November 14 letter as a charge, the College has failed to demonstrate as a matter of law that the unverified letter was not an otherwise valid charge to which the Form 5 could relate back. However, because the verified Form 5 charge contained only an allegation of sex discrimination, we reverse the dismissal of that claim only. We affirm the dismissal of Edelman's other Title VII claims.

*AFFIRMED IN PART, REVERSED IN PART, AND REMANDED*

LUTTIG, Circuit Judge, dissenting:

The majority holds that Professor Edelman's November 14 letter was a "charge" for the purpose of 42 U.S.C. § 2000e-5(b) (1994). I continue to believe that the November 14 letter was not a charge, on the grounds that (1) Edelman characterized the letter not as a charge, but, rather, as a request for a charge, (2) Edelman further evidenced his intention that the letter not be regarded as a charge by requesting, in a letter dated November 26, that the EEOC *not* notify the employer until more than 10 days after November 14 (a request inconsistent with the requirements of the statute), (3) consistent with Edelman's own actions, the EEOC did not consider or treat the letter as a charge, and (4) the second sworn letter, allegedly amending the first letter, alleges different discriminatory conduct than that claimed in the first letter. Although each of these facts standing alone might be insufficient to conclude that the November 14 letter was not a charge, cumulatively they confirm that neither Edelman nor the EEOC considered this letter a charge.

The majority's reliance on *Waiters* v. *Robert Bosch Corp.*, 683 F.2d 89 (4th Cir. 1982), is misplaced. The complainant in *Waiters* had filed a document fully satisfying the EEOC's requirements for a charge, and gave no indication that the document was not intended to be a charge. *Id.* at 92. Here, Edelman himself requested that the employer not be notified. Given that "[w]henever a charge is filed . . . the Commission *shall serve notice* of the charge . . . on such employer . . . *within ten days*," 42 U.S.C. § 2000e-5(b) (emphasis added), Edelman's request is a refutation of the suggestion that he intended the let-

8

ter to be a charge. Edelman's attorney did state that it was his "understanding that delay occasioned by the interview will not compromise the filing date, which will remain as November 14, 1997." *Edelman* v. *Lynchburg College*, 66 F. Supp. 2d 777, 779 (W.D. Va. 1999). Although this suggests that Edelman and his attorney perhaps did not understand the EEOC's regulation concerning relation-back, they could not have misunderstood the painfully clear words of the statute itself.

As I would hold that the November 14 letter was not a charge, I conclude that the April 15, 1998 form submitted by Edelman could not relate back to any valid charge, and hence Edelman's charge was filed beyond the 300 day deadline allowed by the statute. Accordingly, I respectfully dissent.

9