**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-2458

ANNA MARIA AGOLLI,

Plaintiff – Appellant,

v.

OFFICE DEPOT, INC.,

Defendant – Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  J. Frederick Motz, Senior District Judge.  (8:11-cv-02806-JFM)

Argued:  September 18, 2013          Decided:  December 18, 2013

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  Matthew D. Fyock, LAW OFFICES OF DAVID A. BRANCH & ASSOCIATES, PLLC, Washington, D.C., for Appellant.   Kevin Michael Kraham, LITTLER MENDELSON, P.C., Washington, D.C., for Appellee.  **ON BRIEF:** David A. Branch, LAW OFFICES OF DAVID A. BRANCH & ASSOCIATES, PLLC, Washington, D.C., for Appellant. Jaime L. Novikoff, LITTLER MENDELSON, P.C., Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The plaintiff in these proceedings, Anna Maria Agolli, appeals from the district court's dismissal of her complaint, in which she alleged claims against her former employer, defendant Office Depot, Inc., pursuant to Title VII of the Civil Rights Act of 1964. As explained below, we affirm.

I.

On September 29, 2011, proceeding pro se, Agolli filed a thirty-one-page complaint in the District of Maryland, along with a right-to-sue letter that had been issued on June 30, 2011, by the Equal Employment Opportunity Commission (the "EEOC").[1] On October 3, 2011, Agolli submitted a forty-eight-page amended complaint. Office Depot countered with a motion for a more definite statement under Federal Rule of Civil Procedure 12(e), asserting that the amended complaint was so disorganized and incoherent that Office Depot could not reasonably prepare a response. The district court granted Office Depot's motion and afforded Agolli fourteen days to file

_____

[1] The right-to-sue letter notified Agolli that, "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." J.A. 46. The letter elaborated, however, that "[t]his does not certify that the respondent is in compliance with the statutes." Id. (Citations herein to "J.A. __" refer to the contents of the Joint Appendix filed by the parties in this appeal.)

a more definite statement. Agolli attempted to comply, but the court deemed her statement to be no less "prolix and confusing" than the defective complaint, and thus dismissed the entire action. See Agolli v. Office Depot, Inc., No. 8:11-cv-02806, slip op. at 1 (D. Md. Apr. 27, 2012), ECF No. 35 (Memorandum explaining that "[a]lthough the pleadings of a pro se litigant should be liberally construed, neither an opposing party nor the court can be required to glean through an unintelligible complaint to ascertain the claim or claims that a plaintiff may be asserting").

Agolli moved to reconsider the dismissal and reopen her case, acknowledging deficiencies in her prior pleadings and advising that she was preparing a second amended complaint with the assistance of counsel. On June 19, 2012, following the district court's grant of Agolli's motion, her newly obtained lawyer filed the more coherent fifteen-page second amended complaint — the "Complaint" at issue in this appeal. The Complaint alleged claims under Title VII for disparate treatment based on race, retaliation, and hostile work environment. Significantly, the Complaint specified that Agolli was discharged by Office Depot on October 31, 2008, because of her race (Caucasian) and in retaliation for her prior complaints about harassment and discrimination. Relevant to the hostile work environment claim, the Complaint detailed multiple acts of

harassment, each occurring more than 300 days before Agolli filed her EEOC charge of August 25, 2009. The Complaint did not allege that Agolli's termination — which happened within 300 days of her administrative charge — was part and parcel of the hostile work environment.[2]

In response, Office Depot made a Rule 12(b)(6) motion to dismiss the Complaint for failure to state a claim upon which relief can be granted. Specifically, Office Depot contended that Agolli's hostile work environment claim was time-barred, because each act of harassment alleged in the Complaint occurred more than 300 days before Agolli filed her EEOC charge. Office Depot further maintained that Agolli failed to exhaust Title VII administrative remedies with respect to her race discrimination and retaliation claims.

Office Depot attached to its dismissal motion a copy of Agolli's EEOC charge, as the charge had been provided to Office Depot by the EEOC. That version of Agolli's charge consisted of a self-prepared one-page form, on which Agolli checked the boxes for race discrimination, sex discrimination, and retaliation, but, when asked to provide "particulars," described only a

---

[2] In addition to the race discrimination, retaliation, and hostile work environment claims, the Complaint asserted a Title VII claim for failure to accommodate religious needs. Agolli has since abandoned the religious discrimination claim.

4

sexually hostile work environment. See J.A. 22. The form instructed that, "if additional space is needed, attach[] extra sheet(s)." Id. Consistent with that instruction, Agolli's description of her "particulars" included the statement, "SEE ATTACHED FOR GENERAL EXPLANATION, AND ONGOING INFO ALSO." Id. Nevertheless, having received solely the one-page form from the EEOC, Office Depot was led to believe that Agolli had not actually attached extra sheets. Accordingly, Office Depot argued that it was entitled to dismissal because Agolli had endeavored to exhaust only her (otherwise time-barred) hostile work environment claim.

With her opposition to Office Depot's motion to dismiss, Agolli produced twenty-three pages of "continuation sheets" that she had submitted to the EEOC on August 26, 2009 — one day after she had filed the one-page form. At the top of each page of the continuation sheets was the heading "ANNA MARIA AGOLLI COMPLAINANT CONTINUATION SHEETS EEOC COMPLAINT August 25, 2009." See J.A. 23-45. Unlike the Complaint, the continuation sheets alleged that Agolli's discharge was part and parcel of the hostile work environment. See id. at 25. The continuation sheets also included sections entitled "Reverse discrimination" and "retaliation." Id. at 41, 43. Seeking to avert dismissal of the Complaint, Agolli urged the district court to count her termination as the ultimate act of harassment underlying her

5

(thus timely) hostile work environment claim, and to view the continuation sheets as adequate to exhaust her race discrimination and retaliation claims.

In reply, Office Depot maintained that the timeliness of Agolli's hostile work environment claim had to be measured by the allegations of the Complaint, which identified only pre-discharge acts of harassment occurring more than 300 days before Agolli filed her EEOC charge. Office Depot further asserted that the continuation sheets fell short of exhausting Agolli's race discrimination and retaliation claims, both because the EEOC had not provided the continuation sheets to Office Depot (a fact sworn to by Office Depot's in-house counsel in an attached declaration), and because the continuation sheets, much like Agolli's early pro se complaints, were indecipherable.

By its Order of August 22, 2012, the district court granted Office Depot's motion to dismiss the Complaint pursuant to Rule 12(b)(6). The accompanying Memorandum reflects that the court agreed with Office Depot that Agolli's hostile work environment claim was time-barred on the face of the Complaint, and that Agolli failed to exhaust administrative remedies with respect to her race discrimination and retaliation claims. In making the latter ruling, the court deemed the continuation sheets to be an inadequate mode of exhaustion, explaining that the continuation sheets were not provided by the EEOC to Office Depot, and that

6

they were "disjointed and rambling and . . . not sufficiently focused to alert either the EEOC or Office Depot to [Agolli's claims]." See Agolli v. Office Depot, Inc., No. 8:11-cv-02806, slip op. at 2 n.1 (D. Md. Aug. 22, 2012), ECF No. 52.

Subsequently moving under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment, Agolli recapped various arguments against dismissal of the Complaint. Additionally, Agolli underscored that it would be manifestly unjust to punish her for the EEOC's failure to provide the continuation sheets to Office Depot, and she insisted that the continuation sheets were clear enough to put Office Depot on notice of her race discrimination and retaliation claims. Agolli also defended the timeliness of her hostile work environment claim as alleged, without seeking to amend the Complaint to assert that her discharge was part and parcel of Office Depot's campaign of harassment.

By its Order of November 6, 2012, the district court denied Agolli's motion to alter or amend the judgment. The accompanying Memorandum, while making no mention of the EEOC's failure to provide the continuation sheets to Office Depot, reiterated the court's conclusion that the continuation sheets were too "disjointed and rambling" to fairly notify the EEOC and Office Depot of Agolli's race discrimination and retaliation claims. See Agolli v. Office Depot, Inc., No. 8:11-cv-02806,

7

slip op. at 1 (D. Md. Nov. 6, 2012), ECF No. 57. The court also stood by its ruling that the hostile work environment claim, as alleged in the Complaint, was time-barred.

Following the district court's refusal to alter or amend the judgment, Agolli timely noted this appeal. Because the dismissal of her Complaint was with prejudice, we possess appellate jurisdiction pursuant to 28 U.S.C. § 1291.

II.

A.

We review de novo the district court's dismissal of Agolli's Complaint under Federal Rule of Civil Procedure 12(b)(6), including the dismissal of her hostile work environment claim as time-barred. See Pressley v. Tupperware Long Term Disability Plan, 553 F.3d 334, 336 (4th Cir. 2009). Upon consideration of the Complaint and controlling authorities, we are convinced that the hostile work environment claim was untimely and therefore properly dismissed.

Under Title VII, Agolli was required to file her EEOC charge within 300 days "after the alleged unlawful employment practice occurred." See 42 U.S.C. § 2000e-5(e)(1). As the Supreme Court has clarified, a hostile work environment claim such as Agolli's "is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'"

8

<u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 117 (2002). If "an act contributing to the claim occurs within the filing period, the entire time period of the hostile work environment may be considered by a court for the purposes of determining liability." <u>Id.</u>; <u>see also</u> <u>Gilliam v. S.C. Dep't of Juvenile Justice</u>, 474 F.3d 134, 141 (4th Cir. 2007) ("Under <u>Morgan</u>, an incident falling within the applicable limitations period need only, in order for the continuing violation doctrine to apply, have contributed to the hostile work environment.").

Unfortunately for Agolli, however, each act of harassment alleged in the Complaint took place more than 300 days before she filed her EEOC charge. Although Office Depot discharged Agolli within the filing period, the Complaint did not assert that Agolli's termination was part and parcel of the hostile work environment. Rather, the Complaint attributed the discharge decision solely to race discrimination and retaliation. Accordingly, we affirm the district court's Rule 12(b)(6) dismissal of Agolli's hostile work environment claim as time-barred.

B.

We also review de novo the district court's dismissal of Agolli's race discrimination and retaliation claims for failure to exhaust Title VII administrative remedies. <u>See</u> <u>Balas v. Huntington Ingalls Indus., Inc.</u>, 711 F.3d 401, 406 (4th Cir.

9

2013).  We note, however, that because this Court has characterized exhaustion as a jurisdictional requirement, see id., that issue may have been more properly addressed under Rule 12(b)(1), instead of Rule 12(b)(6).  In any event, we ultimately affirm the dismissal of the race discrimination and retaliation claims on alternate Rule 12(b)(6) grounds, as we are entitled to do because "such grounds are apparent from the record."  See Ellis v. La.-Pac. Corp., 699 F.3d 778, 786 (4th Cir. 2012) (internal quotation marks omitted).

In order to exhaust her administrative remedies, Agolli was first required to file a charge with the EEOC.  See 42 U.S.C. § 2000e-5(b), (f).  The EEOC was then obliged to send a notice and copy of the charge to Office Depot.  See id. § 2000e-5(b); 29 C.F.R. § 1601.14(a).  We accept that Agolli's charge included not only the one-page form that she filed on August 25, 2009, but also the twenty-three pages of continuation sheets that she explicitly intended to be part of her charge and promptly submitted one day later (still within 300 days of her discharge).  As such, the EEOC was duty-bound to provide the continuation sheets to Office Depot along with the one-page form.  Nevertheless, to the extent that the district court dismissed Agolli's race discrimination and retaliation claims as a result of the EEOC's neglect, the court erred.  See Edelman v. Lynchburg College, 300 F.3d 400, 404 (4th Cir. 2002) ("Once a

10

valid charge has been filed, a simple failure by the EEOC to fulfill its statutory duties regarding the charge does not preclude a plaintiff's Title VII claim."); cf. Balas, 711 F.3d at 408 & n.5 (concluding that there was no exhaustion of Title VII claims discussed only in private plaintiff-EEOC communications that predated formal charges, because no authority required or otherwise authorized EEOC to share those communications with employer).

Of course, the district court's principal concern seemed to be that the continuation sheets were too incoherent to put the EEOC and Office Depot on notice of Agolli's race discrimination and retaliation claims. And indeed, the continuation sheets are a grueling read, covering everything from Agolli's mundane workplace complaints to her belief that she has a stalker who has recruited and trained others — including Office Depot employees and customers — to use superficially benign gestures to harass and intimidate her. Importantly, however, the continuation sheets intermittently describe Agolli's theories of race discrimination and retaliation, such as her conjecture that African American supervisors hired and then more than fifteen months later fired her as an act of race-based retribution. See J.A. 42 ("I got the impression that I was hired for the precise reason of teaching me some kind of lesson and firing me for it.

11

I mean, who did I think I was, being white, and having whatever perceived advantages they thought I had and all that?").

Under the applicable regulations, Agolli's EEOC charge merely "should" have included "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." See 29 C.F.R. § 1601.12(a)(3). The regulations specifically allow that "a charge is sufficient when the [EEOC] receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." Id. § 1601.12(b). Furthermore, we have long recognized that pro se EEOC claimants like Agolli are entitled to a substantial amount of indulgence. See Alvarado v. Bd. of Trs., 848 F.2d 457, 460 (4th Cir. 1988) ("Title VII does not require procedural exactness from lay complainants: EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." (internal quotation marks omitted)).

In these circumstances, we cannot agree with the district court that the continuation sheets were inadequate to exhaust administrative remedies. Agolli did what was required by providing a written statement specific enough to ascertain the parties and to explain generally her race discrimination and retaliation claims — however dubious. An EEOC charge simply is

12

not held to the same standard as a federal court complaint, which, under Federal Rule of Civil Procedure 8(a)(2), requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Yet, while Agolli's continuation sheets were sufficient to exhaust administrative remedies, her Complaint — alleging the same speculative and conclusory claims, albeit in a more streamlined manner — cannot survive Rule 8(a)(2) scrutiny. See generally Francis v. Giacomelli, 588 F.3d 186 (4th Cir. 2009) (evaluating legal sufficiency of complaint, applying standard articulated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009)). Accordingly, we affirm the district court's Rule 12(b)(6) dismissal on the alternative ground that the Complaint does not "state[] on its face a plausible claim for relief," as required by Rule 8(a)(2). See id. at 193.

## III.

Pursuant to the foregoing, we affirm the judgment of the district court.

AFFIRMED

13