**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1811**

PATRICIA LUPOLE, Administrator of the Estate of Gary Lupole, deceased,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee,

and

CHESLEY HINES, M.D.,

Defendant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Elizabeth Kay Dillon, District Judge. (7:17-cv-00355-EKD-RSB)

Submitted: October 19, 2021                    Decided: November 3, 2021

Before FLOYD and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stephen L. Sulzer, STEPHEN L. SULZER PLLC, Washington, D.C.; Thomas P.F. Kiely, THOMAS P.F. KIELY, PLLC, Washington, D.C., for Appellant. Daniel P. Bubar, Acting United States Attorney, Sara Bugbee Winn, Assistant United States Attorney, OFFICE OF

THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patricia Lupole (Patricia)-administrator of the estate of decedent Gary Lupole (Gary)-appeals from the district court's orders granting summary judgment[*] to the United States in her civil action for damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80, based on the claimed negligence of employees of the Salem, Virginia, Veterans Administration Medical Center in failing to screen Gary for liver cancer and denying her Fed. R. Civ. P. 54(b) motion for reconsideration. The district court determined that Patricia's claims for medical malpractice and wrongful death were barred under the applicable statute of limitations and that the continuous treatment doctrine did not render the claims timely. On appeal, Patricia challenges as erroneous the determination that the continuous treatment doctrine does not render her claims timely. Finding no reversible error, we affirm.

"We review a district court's decision to grant summary judgment de novo, . . . viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018) (internal quotation marks omitted). "Summary judgment is only appropriate when, viewing the facts in th[is] light, . . . 'there is no genuine dispute as to any material facts and the movant is

---

[*] The district court's August 22, 2018, order granted the United States' motions for judgment on the pleadings and to dismiss Patricia's complaint for failure to state a claim, or, in the alternative, for summary judgment. Because the district court considered matters outside of the pleadings in making its rulings in that order, we treat the United States' motion as one for summary judgment. *Edelman v. Lynchburg Coll.*, 300 F.3d 400, 404 (4th Cir. 2002).

entitled to judgment as a matter of law.'" *Martin v. Duffy*, 977 F.3d 294, 298 (4th Cir. 2020) (quoting Fed. R. Civ. P. 56(a)). The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). An "otherwise properly supported motion for summary judgment" will not be defeated by the existence of some factual dispute; rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 247-48. Further, we may affirm on any ground apparent in the record. *United States ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 375 (4th Cir. 2015).

"Absent a statutory waiver, sovereign immunity shields the United States from a civil tort suit." *Kerns v. United States*, 585 F.3d 187, 193-94 (4th Cir. 2009). The FTCA acts as such a waiver, but it "permits suit only on terms and conditions strictly prescribed by Congress." *Gould v. U.S. Dep't. of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990) (en banc). Under the FTCA, the United States consents to suit for injuries caused by the negligent acts or omissions of government employees acting within the scope of their official employment. *Maron v. United States*, 126 F.3d 317, 321-22 (4th Cir. 1997). The relevant portion of the statute of limitations in the FTCA provides, however, that a tort claim against the United States "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). A claim accrues under this provision when the plaintiff knows, or in the exercise

4

of due diligence should have known, of both his injury and the injury's probable cause. *United States v. Kubrick*, 444 U.S. 111, 120-22 (1979); *see Gould*, 905 F.2d at 742.

The district court determined that both of Patricia's claims against the United States accrued on December 23, 2011, and Patricia has not challenged that determination on appeal. There also is no dispute that Patricia did not file her administrative tort claim within two years of this accrual date. She filed her claim on January 31, 2014. Patricia contends, however, that the continuous treatment doctrine applies and saves her claims from a rigid application of the accrual rule.

This court has held that the continuous treatment doctrine can toll the running of the statute of limitations for medical malpractice claims subject to the FTCA, acknowledging that the doctrine "effectively trumps a rigid application of *Kubrick*'s first discovery rule." *Miller v. United States*, 932 F.2d 301, 304 (4th Cir. 1991) (citing *Otto v. Nat'l Inst. of Health*, 815 F.2d 985 (4th Cir. 1987)). The doctrine, when applied, means that:

> the statute of limitations does not begin to run . . . upon a claimant's initial discovery of an injury and its cause so long as the claimant remains under the "continuous treatment" of a physician whose negligence is alleged to have caused the injury; in such circumstances, the claim only accrues when the "continuous treatment" ceases.

*Id.* The reason for applying the doctrine "is that a rigid application of the *Kubrick* rule can effectively deprive a medical patient of [his] 'right to place trust and confidence in [his] physician'; and the solution is to excuse the patient 'from challenging the quality of care being rendered until the confidential relationship terminates.'" *Id.* (quoting *Otto*, 815 F.2d at 988). The doctrine, however, applies only "when the treatment at issue is for the same

5

problem and by the same doctor, or that doctor's associates or other doctors operating under his direction." *Id.* at 305.

After review of the record and parties' briefs, we conclude that the district court did not reversibly err in granting summary judgment to the United States on Patricia's claims because the continuous treatment doctrine did not render them timely. The record evidence of Gary's medical treatment following the confirmed diagnosis of his cancer on December 23, 2011, shows that he did not receive treatment to correct or reverse the same problem Patricia claimed resulted from the screening failure within two years of January 31, 2014. *Cf. Otto*, 815 F.2d at 988 ("[T]he doctrine permits a wronged patient to benefit from his physician's corrective efforts without the disruption of a malpractice action.").

We also discern no abuse of discretion in the district court's denial of Patricia's motion for reconsideration. *See U.S. Tobacco Coop. Inc. v. Big. S. Wholesale of Va., LLC*, 899 F.3d 236, 256-58 (4th Cir. 2018) (stating standard of review and delineating conditions under which Rule 54(b) reconsideration motion may be granted). The motion did not rely on a change in the applicable law, and, even if the evidence supporting the reconsideration request was properly considered under Rule 54(b), the motion did not suggest the presence of a clear error causing manifest injustice present in the district court's summary judgment ruling finding Patricia's claims barred by the statute of limitations.

We therefore affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*